**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARMIN DAVOODI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZETA GLOBAL HOLDINGS CORP., DAVID A. STEINBERG, and CHRISTOPHER GREINER,<br><br>Defendants. | Case No. 1:24-cv-08961-DEH |

**MEMORANDUM OF LAW IN SUPPORT OF SCOTT VANDERBOSCH'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

Scott Vanderbosch ("Vanderbosch") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Vanderbosch as lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Vanderbosch's selection of Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as co-lead counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired Zeta Global Holdings Corp. ("Zeta") securities between February 27, 2024 and November 13, 2024, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Vanderbosch is the "most adequate plaintiff" as defined by the PSLRA.

Vanderbosch believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Vanderbosch satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead

plaintiff provision, Vanderbosch respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Vanderbosch's selection of GPM and Holzer as co-lead counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND

Zeta is a marketing technology company. Zeta operates a cloud-based platform for marketers to identify and target potential consumers across a wide range of digital channels. The Company purports to "offer one of the largest proprietary data sets in the U.S." composed of "an amalgamation of [] private proprietary data, publicly available data and data provided by [a] partner ecosystem." As of December 31, 2023, the Company's data set allegedly "contains more than 240 million opted-in individuals in the U.S. and more than 535 million opted-in individuals globally with an average of more than 2,500 attributes per individual, which may be demographic, behavioral, psychographic, transactional, or indicative of preference."

The complaint in the above-captioned action alleges that throughout the Class Period, Defendants made materially false and/or misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants failed to disclose to investors: (1) that Zeta used two-way contracts to artificially inflate financial results; (2) that Zeta engaged in round trip transactions to artificially inflate financial results; (3) that Zeta utilized predatory consent farms to collect user data; (4) that these consent farms have driven almost the entirety of Zeta's growth; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On November 13, 2024, Culper Research published a report alleging that the "integrity of the Company's data collection and reported financials" is severely undermined by two factors. First, the report alleged that "Zeta has formed 'two-way' contracts with third party consent farms wherein the Company simultaneously acts as both a supplier and a buyer of consumer data," allowing the Company to "flatter reported revenue growth" and indicating possible "round-tripping" of revenue. Second, the report alleged that Zeta collects the majority of its customer data from a network of "sham websites that hoodwink millions of consumers each month into handing their data over to Zeta under false pretenses." For example, the report alleged the Company and its subsidiaries operate a number of fake job boards which are designed to trick individuals into submitting personal data under the pretense of job applications. The report further alleged that the Company's "most valuable data" comes from these predatory websites, dubbed consent farms, which are "responsible for almost the entirety of the Company's growth."

On this news, the Company's stock price fell $10.46, or 37.07%, to close at $17.76 per share on November 13, 2024, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, class members have suffered significant losses and damages.

III.    **ARGUMENT**

A.    **Vanderbosch Should be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA

provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Vanderbosch satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Vanderbosch has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Vanderbosch is not aware of any unique defenses the defendants could raise against him that would render him inadequate to represent the class. Accordingly, Vanderbosch respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.      Vanderbosch Filed a Timely Motion

Vanderbosch has made a timely motion in response to a PSLRA notice. On November 22, 2024, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl."), Ex. A. Therefore, Vanderbosch had sixty days

(*i.e.*, until January 21, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of Zeta securities during the Class Period, Vanderbosch is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Vanderbosch attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Vanderbosch satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Vanderbosch Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Vanderbosch believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Vanderbosch purchased Zeta securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $22,757.10. *See* Linkh Decl., Ex. C. To the best of his knowledge, Vanderbosch is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Vanderbosch believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    Vanderbosch Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)    Vanderbosch's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Vanderbosch's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Vanderbosch alleges that the Defendants' material

6

misstatements and omissions concerning Zeta's business, operations, and financial prospects violated the federal securities laws. Vanderbosch, like all members of the class, purchased Zeta securities in reliance on the Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Vanderbosch's interests and claims are "typical" of the interests and claims of the class.

### b)    Vanderbosch Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Vanderbosch has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Vanderbosch resides in Jackson, Michigan. Vanderbosch is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Vanderbosch should be appointed as lead plaintiff.

### B.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Vanderbosch has retained GPM and Holzer as co-lead counsel to pursue this litigation on his behalf and will retain the firms as the class's co-lead counsel in the event he is appointed lead plaintiff. GPM and Holzer possess extensive experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumés attached to the Linkh Declaration as Exhibits D and E. Thus, the

Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Vanderbosch respectfully requests that the Court grant his Motion and enter an Order (1) appointing Vanderbosch as lead plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as co-lead counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: January 21, 2025

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Scott Vanderbosch and Proposed Co-Lead Counsel for the Class*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for the lead plaintiff movant certifies that this brief contains 2,256 words, which complies with the word limit of L.R. 7.1(c).

9

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On January 21, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 21, 2025, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh