**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARMIN DAVOODI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> vs. <br><br> ZETA GLOBAL HOLDINGS CORP., DAVID A. STEINBERG, and CHRISTOPHER GREINER, <br><br> Defendants. | No. 1:24-cv-08961-DEH <br><br> Judge Dale E. Ho <br><br> <u>CLASS ACTION</u> <br><br> <u>ORAL ARGUMENT REQUESTED</u> |

**MEMORANDUM OF LAW IN SUPPORT OF ALLEGHENY COUNTY EMPLOYEES'**
**RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD**
**<u>PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

SUMMARY OF THE ACTION ............................................................................................... 3

ARGUMENT ........................................................................................................................... 4

I.    ALLEGHENY COUNTY SHOULD BE APPOINTED LEAD PLAINTIFF .................. 4

    A.    The PSLRA Standard for Appointing Lead Plaintiff............................................. 4

    B.    Allegheny County Is the "Most Adequate Plaintiff" ............................................. 5

        1.    Allegheny County's Motion Is Timely ....................................................... 5

        2.    Allegheny County Has a Substantial Financial Interest ............................. 5

        3.    Allegheny County Satisfies Rule 23's Typicality and Adequacy
             Requirements ............................................................................................... 6

             a.    Allegheny County's Claims Are Typical of Those of the Class..... 7

             b.    Allegheny County Satisfies the Adequacy Requirement of Rule
                 23 .................................................................................................. 7

        4.    Allegheny County Is Precisely the Type of Lead Plaintiff Congress
             Envisioned When It Passed the PSLRA ...................................................... 8

II.   ALLEGHENY COUNTY'S SELECTION OF LEAD COUNSEL MERITS
    APPROVAL ................................................................................................................... 9

CONCLUSION........................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant,*
264 F.3d 201 (3d Cir. 2001)................................................................................9, 10

*Faig v. Bioscrip, Inc.,*
2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ........................................................6, 7

*Glauser v. EVCI Career Colls. Holding Corp.,*
236 F.R.D. 184 (S.D.N.Y. 2006) ..............................................................................2

*Kemp v. Universal Am. Fin. Corp.,*
2006 WL 1190691 (S.D.N.Y. May 1, 2006) ............................................................6

*Kux-Kardos v. VimpelCom, Ltd.,*
151 F. Supp. 3d 471 (S.D.N.Y. 2016).......................................................................6

*Micholle v. Ophthotech Corp.,*
2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) .................................................5, 7, 9

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.,*
2010 WL 3924862 (E.D.N.Y. Aug. 17, 2010)........................................................6, 7

*Randall v. Fifth St. Fin. Corp.,*
2016 WL 462479 (S.D.N.Y. Feb. 1, 2016)................................................................6

*Rauch v. Vale S.A.,*
378 F. Supp. 3d 198 (E.D.N.Y. 2019) ...........................................................5, 6, 7, 8

*Reitan v. China Mobile Games & Ent. Grp., Ltd.,*
68 F. Supp. 3d 390 (S.D.N.Y. 2014).........................................................................9

*In re: Synergy Pharms. Inc. Sec. Litig.,*
2019 WL 6150713 (E.D.N.Y. Nov. 20, 2019)...........................................................9

*In re Third Ave. Mgmt. LLC Sec. Litig,*
2016 WL 2986235 (S.D.N.Y. May 13, 2016) ...........................................................6

*In re Turquoise Hill Resources Ltd. Sec. Litig.,*
2021 WL 148752 (S.D.N.Y. Jan. 15, 2021) ..............................................................9

**Rules & Statutes**

Fed. R. Civ. P. 23.................................................................................. *passim*

15 U.S.C. § 78u-4(a) *et seq.*...................................................................................................... *passim*


**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    No. 04-cv-08141 (S.D.N.Y.).............................................................................................10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
    No. 08-md-01963 (S.D.N.Y.) ...........................................................................................10

*In re Fannie Mae 2008 Sec. Litig.*,
    No. 08-cv-07831 (S.D.N.Y.).............................................................................................10

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
    No. 09-md-02027 (S.D.N.Y.) ...........................................................................................10

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ....................2, 8, 9, 10

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679..................................................2

Proposed Lead Plaintiff Allegheny County Employees' Retirement System ("Allegheny County") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), and 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for the entry of an Order: (1) appointing Allegheny County as Lead Plaintiff; (2) approving Allegheny County's selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above-captioned securities class action (the "Action") alleges that Zeta Global Holdings Corp. ("Zeta" or the "Company"), certain of its executive officers and/or directors, and underwriters that worked with the Company (together, "Defendants"), violated Sections 10(b) and 20(a) of the Exchange Act (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and SEC Rule 10b-5 promulgated thereunder. The Action has been brought on behalf of all persons who purchased or otherwise acquired Zeta securities between February 27, 2024 and November 13, 2024, both dates inclusive (the "Class Period") and were damaged thereby (the "Class").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made *a prima facie* showing that it is a typical and adequate class representative under Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Allegheny County respectfully submits that it should be appointed Lead Plaintiff because it has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA. As discussed herein Allegheny County incurred *$40,016* in losses as calculated on a last-in-first-out ("LIFO") basis because of its

transactions in Zeta securities during the Class Period.[1]  In light of this significant loss, Allegheny County has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any other qualified movant.

In addition to asserting a substantial financial interest in this litigation, Allegheny County also meets the typicality and adequacy requirements of Rule 23 because: (i) its claims arise from the same course of events as those of the other Class members, (ii) it relies on similar legal theories to prove Defendants' liability, and (iii) it has retained experienced counsel and is committed to vigorously prosecuting the Action.  Furthermore, the PSLRA's legislative history shows that a large, sophisticated institutional investor like Allegheny County is precisely the type of investor that Congress intended to empower to lead securities class action litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685; *see also Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("the PSLRA was passed . . . to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one") (citation omitted).

Finally, pursuant to the PSLRA, Allegheny County respectfully requests that the Court approve the selection of Labaton as Lead Counsel for the Class.  See 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").  Labaton is a nationally recognized securities class action firm that has

---

[1] A copy of the Certification of Allegheny County ("Certification") is attached as Exhibit A to the Declaration of Francis P. McConville ("McConville Decl.").  The Certification sets forth all of Allegheny County's relevant transactions in Zeta securities during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Allegheny County on its relevant Class Period transactions in Zeta securities ("Loss Analysis") is attached as Exhibit B to the McConville Decl.

recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Allegheny County respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its choice of Lead Counsel.

## SUMMARY OF THE ACTION

Zeta is a New York City-based marketing technology company that offers companies a suite of marketing tools focused on creating, maintaining, and monetizing customer relationships. Zeta's common stock trades on the New York Stock Exchange under the ticker symbol "ZETA."

The Action alleges that, during the Class Period, Defendants misled investors by failing to disclose to investors that: (1) the Company used two-way contracts to artificially inflate financial results; (2) Zeta engaged in round trip transactions to artificially inflate financial results; (3) Zeta utilized predatory consent farms to collect user data; and (4) these consent farms have driven almost the entirety of Zeta's growth.

The truth about Defendants' fraud was revealed on November 13, 2024, when Culper Research published a report (the "Culper Report") alleging that the Company had been engaged in deceptive data collection practices. The Culper Report claimed that Zeta uses "consent farms," or websites that gather consumer data through misleading tactics, and provided evidence of Zeta's undisclosed two-way contracts with third-party data providers, raising concerns about potential "round-tripping" of transactions in order to improperly inflate revenue. On this news, shares of Zeta *fell 37 percent* to close at $17.75 on November 13, 2024.

As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's securities, Allegheny County and the Class have suffered significant damages.

3

<u>ARGUMENT</u>

I.   **ALLEGHENY COUNTY SHOULD BE APPOINTED LEAD PLAINTIFF**

Allegheny County respectfully submits that it should be appointed Lead Plaintiff because it filed the instant motion in a timely manner, has a substantial financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

A.   **The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as lead plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as lead plaintiff, (ii) has the largest financial interest in the relief sought by the class, and (iii)

4

who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at \*4, \*10 (S.D.N.Y. Mar. 13, 2018) (same); *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 211 (E.D.N.Y. 2019) (same). Under the framework established by the PSLRA, Allegheny County is the most adequate plaintiff and should be appointed Lead Plaintiff.

> **B.** **Allegheny County Is the "Most Adequate Plaintiff"**

> **1.** **Allegheny County's Motion Is Timely**

Allegheny County filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the filed action caused notice regarding the pending nature of this case to be published on *Business Wire*, a widely-circulated, national, news wire service, on November 22, 2024, informing investors of the January 21, 2025 deadline to seek appointment as lead plaintiff.  *See* Notice, McConville Decl., Ex. C.  Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before January 13, 2025.  Allegheny County filed its motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.  *See Vale S.A.*, 378 F. Supp. 3d at 207 (finding lead plaintiff motion timely when filed on last day of noticed sixty-day period).

> **2.** **Allegheny County Has a Substantial Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Kemp v. Universal Am. Fin. Corp.*, 2006 WL 1190691, at *1-2 (S.D.N.Y. May 1, 2006).

Allegheny County incurred a substantial loss of **$40,016** on its transactions in Zeta securities on a LIFO basis during the Class Period. *See* Loss Analysis, McConville Decl., Ex. B; *see also Faig v. Bioscrip, Inc.*, 2013 WL 6705045, at *2 (S.D.N.Y. Dec. 19, 2013) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff"). Accordingly, Allegheny County has a substantial financial interest as a qualified movant seeking lead plaintiff status, and is the presumptive "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, 2016 WL 462479, at *3 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.      Allegheny County Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Third Ave. Mgmt. LLC Sec. Litig*, 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016) (citation omitted); *see also Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, 2010 WL 3924862, at *5 (E.D.N.Y. Aug. 17, 2010) (explaining that the prerequisites for appointment as lead plaintiff include satisfaction of the requirements of Rule 23). "In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has made a 'preliminary showing' that . . . Rule 23's requirements . . . are satisfied." *Vale S.A.*, 378 F. Supp. 3d at 209–10 (quoting *Ford v. Voxx Int'l Corp.*, 2015 WL 4393798, at *3 (E.D.N.Y. July 16, 2015)); *see also Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016); *Comtech*, 2010 WL 3924862, at *5 (same). Here, Allegheny County satisfies both requirements.

6

### a.    Allegheny County's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's "claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability.'" *Vale S.A.*, 378 F. Supp. 3d at 210 (quoting *In re Symbol Techs., Inc. Sec. Litig.*, No. 05-CV-3923, 2006 WL 1120619, at *3 (E.D.N.Y. Apr. 26, 2006)).  Rule 23 does not require the lead plaintiff to be identically situated with all class members.  *See Faig*, 2013 WL 6705045, at *3.

Allegheny County's claims are typical of the claims asserted by the proposed Class.  Like all members of the Class, Allegheny County alleges that Defendants made material misstatements and omissions regarding the Company's business, operations, and internal controls policies. During the Class Period, Allegheny County, as did all of the members of the Class, purchased or otherwise acquired Zeta securities in reliance on Defendants' false and misleading statements.  *See Comtech*, 2010 WL 3924862, at *5 (finding typicality satisfied where the plaintiff purchased "stock during the class period at artificially inflated prices in reliance upon Defendants' misrepresentations in violation of the Exchange Act, and also . . . incurred damages as a result" thereof).  Because Allegheny County's claims "arise out of the same course of events" as do the claims of other Class members, the typicality requirement is satisfied.  *Vale S.A.*, 378 F. Supp. 3d at 210; *see also Ophthotech*, 2018 WL 1307285, at *6.

### b.    Allegheny County Satisfies the Adequacy Requirement of Rule 23

Allegheny County likewise satisfies the adequacy requirement of Rule 23.  The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "In analyzing the adequacy requirement in the context of appointing lead plaintiff, courts consider: (1) whether the proposed class counsel is qualified, experienced, and generally able to conduct the

litigation; (2) whether the proposed lead plaintiff has interests that are antagonistic to other class members; and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims." *Vale S.A.*, 378 F. Supp. 3d at 210 (internal quotation marks and citation omitted).

Allegheny County will fairly and adequately represent the interests of the proposed Class. Allegheny County unquestionably has resources sufficient to pursue the above-captioned action to a successful conclusion. Allegheny County has also retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* Section II, and timely submitted its choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v). Furthermore, no antagonism exists between Allegheny County's interests and those of the absent Class members; rather, the interests of Allegheny County and Class members are squarely aligned. Allegheny County suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action.

Finally, there is no proof that Allegheny County is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Allegheny County satisfies the adequacy requirement.

### 4. Allegheny County Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

In addition to satisfying the requirements of Rule 23, Allegheny County—a large, sophisticated institutional investor with experience successfully serving as court-appointed Lead Plaintiff under the PSLRA—is precisely the type of investor Congress envisioned, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The

8

Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.

To this end, many courts, including courts in this District, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as Lead Plaintiff in securities class actions. *See, e.g., In re Turquoise Hill Resources Ltd. Sec. Litig.*, 2021 WL 148752, at *6 (S.D.N.Y. Jan. 15, 2021) (noting that the "presumption in favor of large institutional investors [is] a result that Congress both considered and intended"); *Reitan v. China Mobile Games & Ent. Grp., Ltd.* ("China Mobile"), 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs") (citation omitted); *Ophthotech*, 2018 WL 1307285, at *6 (noting that "courts have a preference for appointing institutional investors as lead plaintiffs"); *see also In re: Synergy Pharms. Inc. Sec. Litig.*, 2019 WL 6150713, at *2 (E.D.N.Y. Nov. 20, 2019) ("The PSLRA's goals were to be achieved by encouraging institutional investors to serve as lead plaintiffs in a single consolidated proceeding.") (citation omitted).

Accordingly, Allegheny County has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.

## II. ALLEGHENY COUNTY'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201,

9

276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Allegheny County has selected Labaton to represent the Class. Labaton has excelled as lead counsel in numerous actions on behalf of defrauded investors. For example, Labaton served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-01963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-02027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831 (S.D.N.Y.). Labaton presently serves as lead or co-lead counsel in several significant investor class actions. *See* Labaton Keller Sucharow LLP Firm Resume, McConville Decl., Ex. D.

In light of the foregoing, the Court should approve Allegheny County's selection of Labaton as Lead Counsel for the Class. The Court can be assured that, by approving Allegheny County's choice of counsel, the Class will receive the highest caliber of representation.

## CONCLUSION

For the foregoing reasons, Allegheny County respectfully requests the Court grant its Motion and enter an Order: (1) appointing Allegheny County as Lead Plaintiff; (2) approving

10

Allegheny County's selection of Labaton as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

DATED:  January 21, 2025                                    Respectfully submitted,


                                                           */s/ Francis P. McConville*

                                                           **LABATON KELLER SUCHAROW LLP**
                                                           Francis P. McConville
                                                           Domenico Minerva
                                                           Connor C. Boehme
                                                           140 Broadway
                                                           New York, New York 10005
                                                           Telephone: (212) 907-0700
                                                           Facsimile: (212) 818-0477
                                                           fmcconville@labaton.com
                                                           dminerva@labaton.com
                                                           cboehme@labaton.com

                                                           *Counsel for Proposed Lead Plaintiff and*
                                                           *Proposed Lead Counsel for the Class*

11