**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARMIN DAVOODI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ZETA GLOBAL HOLDINGS CORP. DAVID A. STEINBERG, and CRISTOPHER GREINER, <br><br> Defendants. | Case No: 1:24-cv-08961-DEH <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION OF ROBERT E. SHEEHAN JR. FOR APPOINTMENT AS**
**<u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................................1

FACTUAL BACKGROUND.......................................................................................................2

ARGUMENT................................................................................................................................4

I.      THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF...........................4

        A.      The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff .............4

        B.      Movant Satisfies the Lead Plaintiff Provisions of the PSLRA...............................5

                1.      Movant Filed a Timely Motion.................................................................5

                2.      Movant Has the Largest Financial Interest in the Relief Sought ................6

                3.      Movant Meets Rule 23's Typicality and Adequacy Requirements.............7

                        a.      Movant's Claims Are Typical of the Claims of the Class..............8

                        b.      Movant Is an Adequate Representative..........................................9

II.     MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED ..............................10

CONCLUSION...........................................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Aude v. Kobe Steel, Ltd.*,
   No. 17-CV-10085 (VSB), 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018)...................7

*Brady v. Top Ships Inc.*,
   324 F. Supp. 3d 335 (E.D.N.Y. 2018) .....................................................................................6

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) ........6

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS)
   2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018) ...............................................8, 9, 10

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005).............................................................................................1, 7

*Faig v. BioScrip, Inc.*,
   No. 13 Civ. 06922 (AJN), 2013 U.S. Dist. LEXIS 178754 (S.D.N.Y. Dec. 19, 2013) .............8

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011)...........................................................................................4, 7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015).............................................................................................10

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   No. 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017) .......6

*Omdahl v. Farfetch Ltd.*, No. 19-cv-8657 (AJN),
   No. 19-cv-8657 (AJN), 2020 U.S. Dist. LEXIS 103935 (S.D.N.Y. June 10, 2020)...................4

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (JRS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008).....................8

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*,
   No. 11-cv-5097(JFK), 2011 U.S. Dist. LEXIS 117545 (S.D.N.Y. Oct. 12, 2011).....................8

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*,
   No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 24, 2006).....................6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) .......................................................................................................4, 5

15 U.S.C. § 78u-4(a)(3)(B)....................................................................................................passim

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ passim

Movant Robert E. Sheehan Jr. ("Movant") hereby respectfully submits this Memorandum of Law in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel (the "Motion") pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3).

## PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action lawsuit (the "Action") brought on behalf of a "Class" consisting of all persons and entities that purchased or otherwise acquired Zeta Global Holdings Corp. ("Zeta" or the "Company") securities between February 27, 2024 and November 13, 2024, inclusive; (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Zeta and certain of the Company's senior executives (collectively, the "Defendants").

The PSLRA, as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (internal quotations omitted). Movant has lost $16,480 as a

1

result of the alleged fraud during the Class Period.[1]    Movant believes that he has the largest

financial interest in the outcome of the Action.    Moreover, Movant satisfies the requirements of

Rule 23 in that his claims are typical of the claims of the Class, and in that he will fairly and

adequately represent the interests of the Class.

Accordingly, the Court should grant Movant's Motion in its entirety.

## FACTUAL BACKGROUND

Zeta is a marketing technology company.    ¶¶ 2, 16.[2]    Zeta operates a cloud-based platform

for marketers to identify and target potential consumers across a wide range of digital channels.

*Id*.    The Company purports to "offer one of the largest proprietary data sets in the U.S." composed

of "an amalgamation of [] private proprietary data, publicly available data and data provided by

[a] partner ecosystem." *Id*.    As of December 31, 2023, the Company's data set allegedly "contains

more than 240 million opted-in individuals in the U.S. and more than 535 million opted-in

individuals globally with an average of more than 2,500 attributes per individual, which may be

demographic, behavioral, psychographic, transactional, or indicative of preference." *Id*.

Throughout the Class Period, Defendants made materially false and/or misleading

statements, as well as failed to disclose material adverse facts about the Company's business,

operations, and prospects.    ¶¶ 5, 17-25.    Specifically, Defendants failed to disclose to investors:

(1) that Zeta used two-way contracts to artificially inflate financial results; (2) that Zeta engaged

in round trip transactions to artificially inflate financial results; (3) that Zeta utilized predatory

---

[1]  A signed certification identifying Movant's Zeta transactions during the Class Period, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Brandon Walker ("Walker Decl." or "Walker Declaration"), as Exhibits A and B, respectively.

[2]  Citations to "¶__" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws filed in the Action on November 22, 2024 (the "Complaint").  ECF No. 1.  The facts set forth in the Complaint are incorporated herein by reference.

consent farms to collect user data; (4) that these consent farms have driven almost the entirety of Zeta's growth; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.  ¶¶ 5, 26.

On November 13, 2024, at approximately 1:00 p.m. Eastern Standard Time, market research group Culper Research published a report entitled "Zeta Global Holdings Corp (ZETA): Shams, Scams, and Spam."  ¶¶ 3, 27.  The report alleged that the "integrity of the Company's data collection and reported financials" is severely undermined by two factors.  *Id.*  First, the report alleged that "Zeta has formed 'two-way' contracts with third party consent farms wherein the Company simultaneously acts as both a supplier and a buyer of consumer data," allowing the Company to "flatter reported revenue growth" and indicating possible "round-tripping" of revenue.  *Id*.  Second, the report alleged that Zeta's collects the majority of its customer data from a network of "sham websites that hoodwink millions of consumers each month into handing their data over to Zeta under false pretenses."  *Id*.  For example, the report alleged the Company and its subsidiaries operate a number of fake job boards which are designed to trick individuals into submitting personal data under the pretense of job applications.  *Id*.  The report further alleged that the Company's "most valuable data" comes from these predatory websites, dubbed consent farms, which are "responsible for almost the entirety of the Company's growth."  *Id*.

On this news, the Company's stock price fell $10.46, or 37.07%, to close at $17.76 per share on November 13, 2024, on unusually heavy trading volume.  ¶¶ 4, 29.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.  ¶ 6.

## ARGUMENT

### I.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

#### A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

The PSLRA mandates that the Court decide the lead plaintiff issue "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

First, the PSLRA provides that (1) the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after the filing of the first complaint, and (2) any class member may move for appointment as Lead Plaintiff within 60 days after the date on which the notice is published.  15 U.S.C. § 78u-4(a)(3)(A); *see Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by any purported class member in response to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable of adequately representing the interests of class members."  *Id*.  The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Omdahl v. Farfetch Ltd.*, No. 19-cv-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y. June 10, 2020).  The presumption may be rebutted only

4

upon proof by another class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), (bb).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of his knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff.  Movant is also unaware of any unique defenses against him that Defendants could raise.  Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### B.      Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movant should be appointed lead plaintiff because he satisfies all of the requirements of the PSLRA.  Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

### 1.      Movant Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff published notice of the pendency of the Action on November 22, 2024, within 20 days of the filing of the Complaint, through *Business Wire*, a widely circulated national business-oriented wire service.  *See* Walker Decl., Ex. C.  The notice informed members of the proposed Class of the 60-day deadline to seek appointment as lead plaintiff, which is January 21, 2025.  *See id.*; 15 U.S.C. § 78u-4(a)(3)(A) and (B).  Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

## 2.    Movant Has the Largest Financial Interest in the Relief Sought

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class.  *See* Walker Decl., Ex. B (Loss Chart).  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *See Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 344-45, 349-50 (E.D.N.Y. 2018); *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *5-6  (S.D.N.Y. June 21, 2018) ("In deciding which proposed lead plaintiff has 'the largest financial interest in the relief sought by the class,' courts in this district tend to consider four criteria, known as the <u>Lax</u> factors . . . . Courts generally find the fourth factor, [net loss suffered], to be the most compelling.") (internal citations omitted; emphasis in original); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same); *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028, at *14 (S.D.N.Y. Jan. 24, 2006) ("We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period.").

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period.  15 U.S.C. § 78u-4(e).

6

Within the Class Period, Movant purchased Zeta securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant has suffered substantial losses of $16,480 under a last-in-first-out ("LIFO") analysis as a result of Defendants' alleged misstatements and omissions. *See eSpeed*, 232 F.R.D. at 101 (noting that courts prefer losses to be calculated under LIFO); *Transocean*, 272 F.R.D. at 129; *see also* Walker Declaration, Ex. B (Loss Chart). Movant, thus, has a significant financial interest in the outcome of this Action. To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3.    Movant Meets Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. *See Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018) ("The parties moving for lead plaintiff are only required to make a prima facie

7

showing that they meet Rule 23, and courts need only consider the typicality and adequacy requirements."); *Faig v. BioScrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 U.S. Dist. LEXIS 178754, at *8-9 (S.D.N.Y. Dec. 19, 2013) ("[a]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

### a.    Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  A plaintiff satisfies the typicality requirement if the plaintiff has:  (1) suffered the same injuries as the absent class members; (2) the injuries are as a result of the same course of conduct by defendants; and (3) the plaintiff's claims are based on the same legal issues that prove the defendant's liability.  *See BioScrip*, 2013 U.S. Dist. LEXIS 178754, at *8.  "The lead plaintiff's claims, however, 'need not be identical' to the claims of the class to satisfy this requirement." *Id*. at *9; *see also In re Orion Sec. Litig*., No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 ("[t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with, the claims of the other Class members.  *See Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575, at *7 (S.D.N.Y. Apr. 12, 2018) (finding typicality requirement "easily met" when proposed lead plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants") (quoting *Plumbers, Pipefitters & MES Local Union No. 392*

8

*Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11-cv-5097(JFK), 2011 U.S. Dist. LEXIS 117545, at *5 (S.D.N.Y. Oct. 12, 2011)). Movant, like the other members of the Class, acquired Zeta securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and those losses were a result of Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3) for the purposes of this Motion. *See Xunlei*, 2018 U.S. Dist. LEXIS 62575, at *7.

### b.      Movant Is an Adequate Representative

Movant is also an adequate representative for the Class. Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class." Adequate representation will be found if: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Xunlei*, 2018 U.S. Dist. LEXIS 62575, at *6 (citation omitted). The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of a movant and other members of the class. 15 U.S.C. § 78u-4(a)(3)(B).

Movant meets the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class. Movant is a resident of Cape May, New Jersey and has twenty-five years of investing experience. He has a B.S. and is an FBI Nation Academy graduate. He is retired from the Cape May City Police Department. Not only is there no evidence of conflict between the

interests of Movant and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss incurred as a result of the wrongful conduct alleged therein. *See Xunlei*, 2018 U.S. Dist. LEXIS 62575, at *7 (Movant's "substantial losses provide a sufficient incentive to vigorously litigate this case"). Indeed, Movant has already taken steps that demonstrate that he recognizes and will protect the interests of the Class, including: (1) executing a certification detailing his Class Period transactions and expressing his willingness to serve as Class representative; (2) moving this Court to be appointed lead plaintiff; and (3) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities violations. Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and therefore satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant sustained the largest amount of losses from Defendants' alleged wrongdoing, Movant is the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

## II.     MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (internal citation omitted). The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the

10

class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Here, Movant has selected and retained BES as proposed Lead Counsel for the Class.

As set forth in its accompanying firm résumé (Walker Decl., Ex. D), BES is highly accomplished in, and is currently acting as lead counsel in, a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors.  The members of BES have extensive experience in successfully prosecuting complex securities class actions such as this and are well-qualified to represent the Class.  Thus, this Court may be assured that if the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

**CONCLUSION**

For all the foregoing reasons, Movant respectfully requests that the Court:  (1) appoint Robert E. Sheehan Jr. as Lead Plaintiff on behalf of the Class; (2) approve Movant's selection of BES as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: January 21, 2025            Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

By: */s/ Brandon Walker*
Brandon Walker
Lawrence P. Eagel
Marion C. Passmore
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone:  (212) 308-5858
Facsimile:  (212) 214-0506
Email: walker@bespc.com
        eagel@bespc.com
        passmore@bespc.com

*Counsel for Movant Robert E. Sheehan Jr. and*
*Proposed Lead Counsel for the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I, Brandon Walker, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 21st day of January, 2025.

*/s/ Brandon Walker*
Brandon Walker
