**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARMIN DAVOODI, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-08961 |
| Plaintiff, | CLASS ACTION |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF THE DART TRUST'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF LEAD COUNSEL** |
| ZETA GLOBAL HOLDINGS CORP., DAVID A. STEINBERG, and CHRISTOPHER GREINER, | |
| Defendants. | |

The Dart Trust ("Dart Trust") submits this memorandum of law in support of its motion for: (1) appointment as Lead Plaintiff for the Class under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(3)(B); (2) approval of its selection of Block & Leviton LLP ("Block & Leviton") as Lead Counsel for the Class; and (3) granting any other relief that the Court may deem just and proper.

## I.    INTRODUCTION

Currently pending before this Court is a securities class action brought on behalf of investors who purchased or otherwise acquired Zeta securities between February 27, 2024 and November 13, 2024, inclusive (the "Class Period"), against Defendants for violations of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA requires the Court to appoint as lead plaintiff the movant who: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Dart Trust submits that it is the presumptively "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Dart Trust filed a timely motion, has the largest known financial interest in the relief sought by the Class, its claims are typical of all members of the Class, and it will fairly and adequately represent the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

In addition, Dart Trust's selection of Block & Leviton LLP, counsel with extensive experience prosecuting complex securities class actions, as lead counsel for the Class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Zeta Global Holdings Corp. ("Zeta" or the "Company") is a cloud-based marketing technology company that provides a platform to assist marketers in targeting potential customers across different digital channels. ¶2.[1] Zeta purports to offer "offer one of the largest proprietary data sets in the U.S." composed of "an amalgamation of [] private proprietary data, publicly available data and data provided by [a] partner ecosystem." *Id.*

On February 27, 2024, the start of the Class Period, Zeta issued a press release announcing its financial results for the fiscal year and quarter ending December 31, 2023 and touting the Company's "Fourth Consecutive Year of 20%+ Revenue Growth in 2023." ¶17. A day later, the Company submitted its annual report for the same fiscal year on a Form 10-K ("2023 10-K") filed with the SEC, affirming the previously reported financial results, and stating that their revenue "primarily arises from use of our technology platform via subscription fees, volume-based utilization fees and fees for professional services." ¶18. The 2023 10-K continued to describe Zeta's sales, product, and data collection policies, repeatedly emphasizing that the Company's data set was composed of "opted-in" individuals. ¶19. Throughout the remainder of the class period, Zeta's announcements of quarterly financial results boasted of "Accelerating Growth" and its quarterly reports described the Company's purported revenue recognition policies, the purported value of its contract assets, and the purported valued of its vendor agreements. ¶¶20-25.

---

[1] Citations to "¶__" refer to paragraphs of the Complaint, *Davoodi v. Zeta Global Holdings Corp., et al.*, No. 24-cv-08961 (S.D.N.Y. Nov. 22, 2024), ECF No. 1.

The Complaint alleges that, throughout the Class Period, Defendants made false and misleading statements and failed to disclose that: (i) Zeta used two-way contracts to artificially inflate financial results; (ii) Zeta engaged in round trip transactions to artificially inflate financial results; (iii) Zeta utilized predatory consent farms to collect user data; (iv) these consent farms have driven almost the entirety of Zeta's growth; and (iv) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶5.

Investors learned the truth about Zeta's financial prospects on November 13, 2024 when the investment research firm Culper Research published a report titled: "Zeta Global Holdings Corp (ZETA): Shams, Scams, and Spam" (the "Culper Report"). The Culper Report alleged that the "integrity of the Company's data collection and reported financials" was undermined by two undisclosed factors: 1) the "'two-way' contracts" Zeta formed with third party consent farms where the company simultaneously acts as both a supplier and a buyer of consumer data" allowing the Company to "flatter reported revenue growth" and indicating possible "roundtripping" of revenue and 2) Zeta's collection of the majority of its customer data from a network of "sham websites that hoodwink millions of consumers each month into handing their data over to Zeta under false pretenses." ¶27. On this news, the Company's stock price fell $10.46, or 37.07%, to close at $17.76 per share on November 13, 2024, on unusually heavy trading volume. ¶29.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Zeta's securities, Dart Trust and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.  Dart Trust Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising class members "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this action was published on November 14, 2024. *See* Declaration of Jeffrey C. Block in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, Ex. A ("Block Decl.").

Next, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class the Court determines to be most capable of adequately representing the interests of other class members. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA also provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Dart Trust meets these requirements and should therefore be appointed Lead Plaintiff.

### 1. Dart Trust's Motion Is Timely

The statutory notice published on November 22, 2024 advised Class members of the pendency of the action, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by January 21, 2025. *See* Block Decl., Ex. A. Because Dart Trust's motion has been filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

### 2. Dart Trust Has a Substantial Financial Interest In The Relief Sought By The Class

As evidenced by its certification and loss chart, Dart Trust purchased significant amounts of Zeta securities and suffered approximately $342,000 in losses as a result of Defendants' violations of the federal securities laws. *See* Block Decl., Exs. B, C. To the best of Dart Trust's counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3. Dart Trust is Typical and Adequate of the Class

In addition to possessing a significant financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, only a "preliminary showing" of typicality and adequacy is required. *Moore v. Checkpoint Therapeutics, Inc.,* 2024 WL 3090623, at \*2 (S.D.N.Y. June 21, 2024) (citing *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003)). The typicality requirement is satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Id.* (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998)). "The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no

conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* (citing *Jolly Roger Offshore Fund LTD v. BKF Cap. Grp., Inc.,* 2007 WL 2363610, at *4 (S.D.N.Y. Aug. 16, 2007)).

Here, Dart Trust's claims are typical of those of the Class because – like all Class members – it purchased Zeta securities during the Class Period, suffered damages as a result of Defendants' false and misleading statements and omissions, and possesses claims against Zeta and the Individual Defendants under the Exchange Act. *Casper v. Song Jinan*, 2012 WL 3865267, at *2 (S.D.N.Y. Sept. 6, 2012).

Dart Trust is also adequate because its interests in the action are squarely aligned with the interests of the other members of the Class. Dart Trust is highly incentivized to maximize the recovery for all Class members harmed by Defendants' misrepresentations and omissions based on, among other things, the substantial losses that Dart Trust suffered. *Simco v. Aegean Marine Petroleum Network Inc.*, 2018 WL 11226076, at *3 (S.D.N.Y. Oct. 30, 2018) (movant's largest "financial interest should ensure vigorous advocacy on behalf of the class.").

As set forth in greater detail below, Dart Trust's adequacy is bolstered by its hiring of Block & Leviton – highly qualified counsel with significant success prosecuting federal securities class actions – to serve as lead counsel. *Amberber v. EHang Holdings Ltd.*, No. 21 CIV. 1392 (GBD), 2022 WL 409096, at *3 (S.D.N.Y. Feb. 10, 2022) (finding movant demonstrated *prima facie* adequacy because he "retained qualified, experienced counsel [Block & Leviton], he is not aware of any conflict between his claims and those asserted on behalf of the putative class, and he submits that he has sufficient incentive to provide vigorous advocacy in this litigation.").

Moreover, Dart Trist fully understands the obligations of a lead plaintiff to absent Class members under the PSLRA and is willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. Dart Trust has submitted a sworn declaration detailing its commitment to actively directing this litigation, rationale for seeking lead plaintiff status, and selection of Block & Leviton. Block Decl., Ex. D. Accordingly, Dart Trust readily satisfies the adequacy requirement.

Because Dart Trust filed a timely motion, believes it has the largest financial interest in the relief sought by the Class, and demonstrated its preliminary typicality and adequacy, the Court should adopt the presumption that Dart Trust is the "most adequate" plaintiff.

### B.  The Court Should Approve Dart Trust's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Dart Trust has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions, to serve as lead counsel. Block Decl., Ex. E.

As noted by one district court,

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21). Courts in this district and across the country have likewise recognized Block & Leviton's adequacy and appointed the firm as lead counsel. *See e.g.*, *Amberber v. EHang Holdings Ltd.*, 2022 WL 409096, at *5 (S.D.N.Y. Feb. 10, 2022) ("Block & Leviton LLP can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *Bardaji v. Match Grp., Inc.*,

2023 WL 3624774, at *3 (D. Del. May 24, 2023) (noting that Block & Leviton "has substantial experience in securities fraud litigation [and] has obtained a significant number of sizeable settlements in these cases over the years."); *see also In re Lyft, Inc. Sec. Litig.*, 2023 WL 5068504 at *9 (N.D. Cal. Aug. 7, 2023) (approving $25 million settlement and stating, "Block & Leviton are highly experienced lawyers with expertise in securities class actions.").

Accordingly, Dart Trust's selection of Block & Leviton as lead counsel is reasonable and should be approved.

## IV.     CONCLUSION

For the foregoing reasons, Dart Trust respectfully requests that the Court: (1) appoint Dart Trust as Lead Plaintiff; (2) approve its selection of Block & Leviton LLP as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

DATED:  January 21, 2025                    Respectfully submitted,

*/s/ Jeffrey C. Block*
Jeffrey C. Block
Jacob A. Walker (*pro hac vice* forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com

*Counsel for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

I, Jeffrey C. Block, hereby certify that on January 21, 2025, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

> */s/ Jeffrey C. Block*
> Jeffrey C. Block
> **BLOCK & LEVITON LLP**
> 260 Franklin Street, Suite 1860
> Boston, MA 02110
> (617) 398-5600 phone
> jeff@blockleviton.com
>
> *Counsel for Plaintiff*