**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARMIN DAVOODI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZETA GLOBAL HOLDINGS CORP., DAVID A. STEINBERG, and CHRISTOPHER GREINER,<br><br>Defendants. | Case No. 1:24-cv-08961-DEH-SDA<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ERIC STEPHANSON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND.......................................................................................... 2

ARGUMENT .................................................................................................................. 3

    A.    Mr. Stephanson Is The Most Adequate Plaintiff ............................................... 3

        1.    Mr. Stephanson Believes He Has The Largest Financial Interest In The Relief Sought By The Class.............................................................................................4

        2.    Mr. Stephanson Otherwise Satisfies The Requirements Of Rule 23 .......................5

    B.    Mr. Stephanson Selected Well-Qualified Lead Counsel To Represent The Class .......... 7

CONCLUSION................................................................................................................ 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bo Young Cha v. Kinross Gold Corp.*,
 2012 WL 2025850 (S.D.N.Y. May 31, 2012) ...........................................................................4

*Chilton v. Chiumento Grp.*,
 365 F. App'x 298 (2d Cir. 2010) ..............................................................................................4

*City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*,
 2021 WL 396343 (S.D.N.Y. Feb. 4, 2021).................................................................................4

*Dura Pharmaceuticals, Inc. v. Broudo*,
 544 U.S. 336 (2005)..............................................................................................................1, 4

*Husson v. Garrett Motion Inc.*,
 2021 WL 211541 (S.D.N.Y. Jan. 21, 2021) ..........................................................................5, 6

*Lax v. First Merchs. Acceptance Corp.*,
 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ..............................................................................5

**Rules**

Fed. R. Civ. P. 23(a)(4).....................................................................................................................6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)...............................................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(i) .......................................................................................................1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii) .........................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .................................................................................................1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ..............................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ..............................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(v) ...........................................................................................................7

ii

Eric Stephanson respectfully submits this memorandum of law in support of his motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of his selection of Bleichmar Fonti & Auld LLP ("BFA") as Lead Counsel for the putative Class; and (3) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above captioned securities class action alleges Zeta Global Holdings Corp. ("Zeta" or the "Company"), and certain of its senior officers (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Specifically, the action alleges that from February 27, 2024 through November 13, 2024, inclusive (the "Class Period"), Zeta artificially inflated its financial results by engaging in round-trip transactions and utilizing predatory consent farms to collect user data.

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Mr. Stephanson is the "most adequate plaintiff" by virtue of, among other things, the approximately $109,000 in losses that he incurred on his investments in Zeta securities during the Class Period, as assessed under the U.S. Supreme Court's ruling in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). Mr. Stephanson

also satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the Class, and he will fairly and adequately represent the Class. Indeed, Mr. Stephanson is an experienced investor who fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and has worked with counsel in the past. He is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action. *See* Declaration of Javier Bleichmar ("Bleichmar Decl."), Ex. A.

Further, Mr. Stephanson has selected BFA, a law firm with substantial experience successfully prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, Mr. Stephanson respectfully requests that the Court appoint him Lead Plaintiff and otherwise grant his motion.

## FACTUAL BACKGROUND

Zeta is a marketing technology company with its principal executive offices in New York, New York. ¶¶12, 16.[1] Zeta operates a cloud-based platform for marketers to identify and target potential consumers across a wide range of digital channels. ¶16.

The Company purports to "offer one of the largest proprietary data sets in the U.S." composed of "an amalgamation of [] private proprietary data, publicly available data and data provided by [a] partner ecosystem." ¶¶2, 16. As of December 31, 2023, the Company's data set allegedly "contain[ed] more than 240 million opted-in individuals in the U.S. and more than 535 million opted-in individuals globally with an average of more than 2,500 attributes per individual[.]" *Id.* Given the number of customers and amount of data it had, the Company reported "record revenue" during the Class Period. ¶24.

---

[1] All citations to ¶__ refer to the complaint filed in this matter. *See* ECF No. 1.

On November 13, 2024, market research group Culper Research published a report titled "Zeta Global Holdings Corp (ZETA): Shams, Scams, and Spam."  ¶27.  In contrast with Zeta's Class Period representations, the Culper Report stated that the "integrity of the Company's data collection and reported financials" is severely undermined by two factors.  First, the Culper Report stated that "Zeta has formed 'two-way' contracts with third party consent farms wherein the Company simultaneously acts as both a supplier and a buyer of consumer data" indicating possible "round-tripping" of revenue.  *Id.*  Second, the Culper Report stated that Zeta collected the majority of its customer data from a network of "sham websites that hoodwink millions of consumers each month into handing their data over to Zeta under false pretenses."  *Id.*  The Culper Report further stated that the Company's "most valuable data" comes from these predatory websites, dubbed consent farms, which are "responsible for almost the entirety of the Company's growth."  *Id.*  On this news, the Company's stock price fell $10.46 per share, or 37.07%, to close at $17.76 per share on November 13, 2024.  ¶29.

## ARGUMENT

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days after publication of notice of the pendency of the action.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On November 22, 2024, Plaintiff Armin Davoodi filed the action and, on the same day, his counsel published notice of the pendency of the action on *Business Wire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by January 21, 2025.  *See* Bleichmar Decl. Ex. B.  As such, Mr. Stephanson's motion is timely.

**A.    Mr. Stephanson Is The Most Adequate Plaintiff**

Mr. Stephanson respectfully submits that he is entitled to be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members."

3

15 U.S.C. § 78u-4(a)(3)(B)(i).    When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption).

### 1.    Mr. Stephanson Believes He Has The Largest Financial Interest In The Relief Sought By The Class

Mr. Stephanson believes that he has the largest financial interest in the relief sought by the class and thus should be appointed Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Mr. Stephanson incurred a recoverable loss of approximately $109,000 on his investments in Zeta securities during the Class Period as assessed under the Supreme Court's ruling in *Dura*.  "Though *Dura* concerned a motion to dismiss a securities class action, courts [in this District] nonetheless apply *Dura* when considering [the] financial interest for the purposes of appointing a lead plaintiff." *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, 2021 WL 396343, at *3 (S.D.N.Y. Feb. 4, 2021) (collecting cases).  This is because "courts should consider only those losses that will actually be recoverable in the class action . . . and make determinations of largest financial interest only based on the facts alleged in the complaint." *Id.* (internal quotations & citations omitted).

Courts in this district may also rely on inventory accounting methodologies known as first-in, first-out ("FIFO") and last-in, first-out ("LIFO"), without considering the impact of *Dura*, to assess financial interest.  When considering the most appropriate inventory accounting method, virtually every court finds LIFO to be more reliable than FIFO. *See Bo Young Cha v. Kinross*

*Gold Corp.*, 2012 WL 2025850, at \*3 (S.D.N.Y. May 31, 2012).  Under both methodologies, Mr. Stephanson also incurred a loss of roughly $109,000 on his investments in Zeta securities.[2]

To the best of Mr. Stephanson's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.  Accordingly, Mr. Stephanson believes that he has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 2.    Mr. Stephanson Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Stephanson otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  "[I]n deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Husson v. Garrett Motion Inc.*, 2021 WL 211541, \*3 (S.D.N.Y. Jan. 21, 2021).  Here, Mr. Stephanson satisfies both requirements.

Mr. Stephanson's claims are typical of the claims of other investors in Zeta.  "'Typicality is satisfied if each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Id.*  Here, Mr. Stephanson's and all other Class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical.  Like all other Class members,

---

[2] In addition to losses, courts often consider various other metrics, typically referred to as "*Lax* factors," to further analyze a movant's financial interest when warranted. *See Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at \*5 (N.D. Ill. Aug. 11, 1997) (identifying (1) total number of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered, as four factors for courts to consider when determining the largest financial interest).  Mr. Stephanson's PSLRA-required Certification and chart setting forth calculations of his financial interest provide all the trading information necessary to calculate his financial interest under all possible metrics and does not presuppose that there is only one valid methodology. *See* Bleichmar Decl. Exs. C-D.

Mr. Stephanson: (1) invested in Zeta securities during the Class Period; (2) invested at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market. *Id.* (typicality met when movant "appear[s] to seek the same relief and advance the same legal theories as other class members"). As such, Mr. Stephanson is a typical Class representative.

Mr. Stephanson likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Adequacy means that there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants, the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy." *Garrett Motion*, 2021 WL 211541, at *3 (internal quotations omitted).

Mr. Stephanson satisfies these elements because his substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class's claims. He is a sophisticated investor and has prior experience working with counsel. Further, Mr. Stephanson's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mr. Stephanson and other Class members, and there is no collusion among the litigants. *See id.* (adequacy found when "[t]here is nothing in the record that suggests the [movant has] conflicts with other class members").

Mr. Stephanson has also demonstrated his adequacy through his selection of BFA as Lead Counsel to represent the Class in this action. As discussed more fully below, BFA is highly

6

qualified and experienced in the area of securities class actions and has repeatedly demonstrated an ability to conduct complex securities class actions effectively.

**B.      Mr. Stephanson Selected Well-Qualified Lead Counsel To Represent The Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

BFA is among the foremost securities class action law firms in the country.  BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades.  *See* Bleichmar Decl. Ex. E.  For example, BFA recently achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharms. Indus. Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.).  BFA also recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.).  Previously, in this District, BFA secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Sec. Litig.*, No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford Int'l Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.).  BFA also secured a $219 million resolution in *In re Genworth Fin., Inc. Sec. Litig.*, 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

7

**CONCLUSION**

For the reasons discussed above, Mr. Stephanson respectfully requests that the Court:  (1) appoint him to serve as Lead Plaintiff; (2) approve his selection of BFA as Lead Counsel for the putative Class; and (3) grant any such further relief as the Court may deem just and proper.

Dated: January 21, 2025                                          Respectfully submitted,

                                                                   **BLEICHMAR FONTI & AULD LLP**

                                                                   */s/ Javier Bleichmar*
                                                                   Javier Bleichmar
                                                                   300 Park Avenue, Suite 1301
                                                                   New York, New York 10022
                                                                   Telephone: (212) 789-1340
                                                                   Facsimile: (212) 205-3960
                                                                   jbleichmar@bfalaw.com

                                                                   -and-

                                                                   Ross Shikowitz
                                                                   75 Virginia Road
                                                                   White Plains, New York 10603
                                                                   Telephone: (914) 265-2991
                                                                   Facsimile: (212) 205-3960
                                                                   rshikowitz@bfalaw.com

                                                                   -and-

                                                                   Adam C. McCall (*pro hac vice* forthcoming)
                                                                   1330 Broadway, Suite 630
                                                                   Oakland, California 94612
                                                                   Telephone: (212) 789-2303
                                                                   Facsimile: (415) 445-4020
                                                                   amccall@bfalaw.com

                                                                   *Counsel for Proposed Lead Plaintiff Eric Stephanson, and Proposed Lead Counsel for the Putative Class*

8

## CERTIFICATION OF WORD-COUNT COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the word limit set forth in Local Civil Rule 7.1(c).  The word count, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, is 2,228 according to the word-processing system used to prepare the document.


Dated: January 21, 2025                              */s/ Javier Bleichmar*
                                                      Javier Bleichmar