UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMIN DAVOODI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ZETA GLOBAL HOLDINGS CORP., DAVID A. STEINBERG, and CHRISTOPHER GREINER, <br><br> Defendants. | Case No.  1:24-cv-08961-DEH |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BORIS KHVOSTICHENKO
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT ............................................................................................................................ 4

I.       KHVOSTICHENKO SHOULD BE APPOINTED LEAD PLAINTIFF ........................... 4

         A.       Khvostichenko Is Willing to Serve as Class Representative .................................. 5

         B.       Khvostichenko Has the "Largest Financial Interest" in the Action ........................ 5

         C.       Khvostichenko Otherwise Satisfies the Requirements of Rule 23 ......................... 7

         D.       Khvostichenko Will Fairly and Adequately Represent the Interests of the Class
                  and Is Not Subject to Unique Defenses .................................................................. 9

II.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......... 10

CONCLUSION ....................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
　2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018)..............................................................................7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
　141 F.R.D. 229 (S.D.N.Y. 1992) ..............................................................................................8

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
　2018 WL 3093965 (S.D.N.Y. June 21, 2018) ..........................................................................6

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
　2018 WL 1779348  (S.D.N.Y. Apr. 12, 2018)..........................................................................9

*Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A,
　1997 WL 118429 (M.D. Fla. Feb. 6, 1997) ..............................................................................7

*Foley v. Transocean Ltd.*,
　272 F.R.D. 126 (S.D.N.Y. 2011) ..............................................................................................9

*Gluck v. CellStar Corp.*,
　976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................................7

*In re Cendant Corp. Litig.*,
　264 F.3d 201 (3d Cir. 2001)......................................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
　2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)..............................................................................6

*In re Drexel Burnham Lambert Grp., Inc.*,
　960 F.2d 285 (2d Cir. 1992)......................................................................................................8

*In re Molson Coors Brewing Co. Sec. Litig.*,
　233 F.R.D. 147 (D. Del. 2005) ...............................................................................................10

*In re Olsten Corp. Sec. Litig.*,
　3 F. Supp. 2d 286 (E.D.N.Y. 1998) .......................................................................................6, 7

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
　2008 WL 2811358 (S.D.N.Y. July 7, 2008) ............................................................................8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
　182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................................7

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) ...........................................................................8

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) .........................................................................10

*Khunt v. Alibaba Grp. Holding Ltd.*,
    102 F. Supp. 3d 523 (S.D.N.Y. 2015).....................................................................6

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
    1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ...............................................................6

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
    1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ...............................................................6

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
    2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017)...........................................................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ...........................................................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)....................................................................10

## Statutes

15 U.S.C. § 78u-4 ........................................................................................ *passim*

Private Securities Litigation Reform Act of 1995 .............................................1, 4, 6, 9

## Rules

Fed. R. Civ. P. 23.......................................................................................... *passim*

Boris Khvostichenko ("Khvostichenko") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Khvostichenko as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities that purchased or otherwise acquired Zeta Global Holdings Corp. ("Zeta" or the "Company") securities between February 27, 2024 and November 13, 2024, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  Zeta investors, including Khvostichenko, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused Zeta's share price to fall sharply, damaging Khvostichenko and other Zeta investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the Class Period, Khvostichenko purchased 600 shares of Zeta stock and 7 Zeta options contracts, expended $17,231 on these purchases, retained 600 shares of Zeta stock and 7 open Zeta options contracts, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $5,905 in connection with his Class Period transactions in Zeta securities.  *See* Declaration of J. Alexander Hood II in Support of Motion ("Hood Decl."), Exhibit ("Ex.") A.

1

Accordingly, Khvostichenko believes that he has the largest financial interest in the relief sought in this Action.  Beyond his considerable financial interest, Khvostichenko also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Khvostichenko has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Khvostichenko respectfully requests that the Court enter an Order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

STATEMENT OF FACTS

As alleged in the Complaint in the Action, Zeta is a marketing technology company. Zeta operates a cloud-based platform for marketers to identify and target potential consumers across a wide range of digital channels.  The Company purports to "offer one of the largest proprietary data sets in the U.S." composed of "an amalgamation of [] private proprietary data, publicly available data and data provided by [a] partner ecosystem."  As of December 31, 2023, the Company's data set allegedly "contains more than 240 million opted-in individuals in the U.S. and more than 535 million opted-in individuals globally with an average of more than 2,500 attributes per individual, which may be demographic, behavioral, psychographic, transactional, or indicative of preference."

2

On November 13, 2024, at approximately 1:00 p.m. Eastern Standard Time, market research group Culper Research published a report entitled "Zeta Global Holdings Corp (ZETA): Shams, Scams, and Spam."  The report alleged that the "integrity of the Company's data collection and reported financials" is severely undermined by two factors.  First, the report alleged that "Zeta has formed 'two-way' contracts with third party consent farms wherein the Company simultaneously acts as both a supplier and a buyer of consumer data," allowing the Company to "flatter reported revenue growth" and indicating possible "round-tripping" of revenue.  Second, the report alleged that Zeta's collects the majority of its customer data from a network of "sham websites that hoodwink millions of consumers each month into handing their data over to Zeta under false pretenses."  For example, the report alleged the Company and its subsidiaries operate a number of fake job boards which are designed to trick individuals into submitting personal data under the pretense of job applications.  The report further alleged that the Company's "most valuable data" comes from these predatory websites, dubbed consent farms, which are "responsible for almost the entirety of the Company's growth."

On this news, the Company's stock price fell $10.46, or 37.07%, to close at $17.76 per share on November 13, 2024, on unusually heavy trading volume.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that Zeta used two-way contracts to artificially inflate financial results; (2) that Zeta engaged in round trip transactions to artificially inflate financial results; (3) that Zeta utilized predatory consent farms to collect user data; (4) that these consent farms have driven almost the entirety of Zeta's growth;

3

and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages.

ARGUMENT

I.      KHVOSTICHENKO SHOULD BE APPOINTED LEAD PLAINTIFF

Khvostichenko should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

4

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Khvostichenko satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.      Khvostichenko Is Willing to Serve as Class Representative

On November 22, 2024, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Zeta and other defendants, and advising investors in Zeta securities that they had until January 21, 2025—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* Hood Decl., Ex. B.

Khvostichenko has filed the instant motion pursuant to the Notice, and he has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.   Accordingly, Khvostichenko satisfies the first requirement to serve as Lead Plaintiff of the Class.

B.      Khvostichenko Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Khvostichenko has the largest financial interest of any Zeta investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts

5

frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and routinely applied by courts in this District.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).  Of the *Lax* factors, courts in this District tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See Nurlybaev*, 2017 WL 5256769, at *1; *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015).

During the Class Period, Khvostichenko: (1) purchased 600 shares of Zeta stock and 7 Zeta options contracts; (2) expended $17,231 on his transactions in Zeta securities; (3) retained 600 shares of Zeta stock and 7 open Zeta options contracts; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $5,905 in connection with his Class Period transactions in Zeta securities.  *See* Hood Decl., Ex. A.  To the extent that Khvostichenko possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

C.    Khvostichenko Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.").  In addition, "[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *Olsten*, 3 F. Supp. 2d at 296.  Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Khvostichenko.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Khvostichenko's claims are typical of those of the Class.  Khvostichenko alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Zeta, or by omitting to state material facts necessary to make the statements they did make not misleading. Khvostichenko, like other Class members, purchased Zeta securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Zeta's share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed

lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Khvostichenko has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between Khvostichenko's interests and those of the Class.  Moreover, Khvostichenko has submitted a sworn Certification declaring his commitment to protect the interests of the Class (*see* Hood Decl., Ex. C), and Khvostichenko's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further demonstrating his adequacy, Khvostichenko has submitted a signed Declaration attesting to, *inter alia*, his background, his investing experience, his experience retaining and/or overseeing counsel, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See id.*, Ex. D.

> D.    Khvostichenko Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Khvostichenko's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or

> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Khvostichenko's ability and desire to fairly and adequately represent the Class has been discussed above.  Khvostichenko is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Khvostichenko should be appointed Lead Plaintiff for the Class.

II.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See id.* § 78u-4(a)(3)(B)(v).  The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Khvostichenko has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Hood Decl., Ex. E.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel.  *See id.*  For more than 85 years, Pomerantz has represented defrauded investors.  *See id.*  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement

10

ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *Id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Khvostichenko's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Khvostichenko's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

CONCLUSION

For the foregoing reasons, Khvostichenko respectfully requests that the Court issue an Order: (1) appointing Khvostichenko as Lead Plaintiff for the Class; and (2) approving Khvostichenko's selection of Pomerantz as Lead Counsel for the Class.

Dated: January 21, 2025

Respectfully submitted,

POMERANTZ LLP

*/s/ J. Alexander Hood II*
J. Alexander Hood II
Jeremy A. Lieberman
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Boris Khvostichenko and
Proposed Lead Counsel for the Class*

11