**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ARMIN DAVOODI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZETA GLOBAL HOLDINGS CORP., DAVID A. STEINBERG, and CHRISTOPHER GREINER,<br><br>Defendants. | Case No. 1:24-cv-08961-DEH<br><br><u>CLASS ACTION</u><br><br>**RESPONSE OF THE DART TRUST IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF LEAD COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS** |

The Dart Trust ("Dart Trust") submits this response in further support of its motion for appointment as Lead Plaintiff for the Class under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(3)(B) and approval of its selection of Block & Leviton LLP ("Block & Leviton") as Lead Counsel for the Class, and in opposition to the motions filed by two other movants: Allegheny County Employees' Retirement System ("Allegheny County") (ECF No. 19), and Amir Konigsberg (ECF No. 33).[1]

## INTRODUCTION

The Dart Trust has the "largest financial interest" in this litigation and has exceeded the *prima facie* showing of typicality and adequacy required by Rule 23, and thus should be appointed lead plaintiff under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With a loss of $342,000, the Dart Trust unquestionably has the largest financial interest of any movant before the Court. Its losses are greater than the losses of the two remaining movants combined. ECF No. 45-3; *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (citing *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) (in determining the largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses")). Courts in this Circuit regularly evaluate four factors (the "*Lax/Olsten* Factors") when assessing the financial interest of competing lead plaintiff movants: "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered." *Peacock v. Dutch Bros, Inc.*, 2023 WL 4976814, at *3 (S.D.N.Y. Aug. 3, 2023) (citing *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)); *Nixon v. CVS Health Corp.*, 2024 WL 4987425, at *4 (S.D.N.Y. Dec. 5, 2024) (citing *In re Olsten*

---

[1] Capitalized terms not otherwise defined herein are defined in the Dart Trust's opening memorandum. ECF No. 31.

*Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1996)). "Courts consider the fourth factor [the net loss] to be the most important factor in this analysis." *CVS Health*, 2024 WL 4987425, at *4. As illustrated below, the Dart Trust's financial interest is far larger than every other movant's under the relevant metrics considered by courts when assessing financial interest under the PSLRA.

The table below reflects the loss estimate figures submitted with each movant's motion:

| MOVANT | TOTAL SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | CLASS PERIOD LIFO LOSS |
|---|---|---|---|---|
| **Dart Trust** | **35,000** | **35,000** | **$1,052,150.00** | **$342,000.00** |
| Eric Stephanson[2] | 6,000 | 6,000 | $218,520 | $109,299.90 |
| Amir Konigsberg | 24,565 | 9,600 | $273,819.86 | $79,004.60 (method not specified) |
| Allegheny County | 4,650 | 4,650 | $134,245.18 | $40,016.18 |
| Scott Vanderbosch[3] | 2,000 | 0 | $22,757.10 | $22,757.10 (method not specified) |
| Olga Kunitskaya[4] | 2114.404 | 2114.404 | $62,950.59 | $20,103.15 |
| Robert E. Sheehan Jr.[5] | 2,760 | 1,600 | $16,480.00 | $16,480.00 |
| Boris Khvostichenko[6] | 600 | 600 | $5,906 | $5,905.00 (method not specified) |

[2] On February 4, 2025, Eric Stephanson filed a notice of non-opposition to the competing lead plaintiff motions. ECF No. 48.
[3] On February 4, 2025, Scott Vanderbosch filed a notice of non-opposition to the competing lead plaintiff motions. ECF No. 53.
[4] On January 24, 2025, Olga Kunitskaya filed a notice of non-opposition to the competing lead plaintiff motions. ECF No. 44.
[5] On January 31, 2025, Robert E. Sheehan, Jr. filed a notice of non-opposition to the competing lead plaintiff motions. ECF No. 47.
[6] On January 31, 2025, Boris Khvostichenko filed a notice of non-opposition to the competing lead plaintiff motions. ECF No. 46.

The Dart Trust possesses the largest financial interest in this litigation. *See San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 2023 WL 3750115, at *6 (S.D.N.Y. June 1, 2023) ("Courts in this District 'have a very strong preference for the last-in, first-out ('LIFO') method.'"); *Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) (appointing lead plaintiff with greatest financial loss and noting that "the overwhelming trend … nationwide has been to use LIFO to calculate such losses.").

The Dart Trust also satisfies the typicality and adequacy requirements of Rule 23. *See* ECF No. 31 at 5-7. Because the Dart Trust has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy, it is entitled to a strong presumption that it is the "most adequate plaintiff." *See Jiang v. Chirico*, 2024 WL 967084, at *10 (S.D.N.Y. Mar. 5, 2024) ("In order for the rebuttable presumption to apply, courts have required only 'a prima facie showing that the requirements of Rule 23 are met.'") (internal citations omitted). Once the presumption is triggered—as it has been for the Dart Trust—it can be rebutted only "upon proof" that the Dart Trust is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Chirico,* 2024 WL 967084, at *11. There are no facts here, let alone any "proof," suggesting that the Dart Trust is somehow unfit to represent investors here. Accordingly, the Dart Trust should be appointed Lead Plaintiff and its Motion should otherwise be granted.

## PROCEDURAL HISTORY

On January 21, 2025, the Dart Trust filed the Motion seeking appointment as Lead Plaintiff and approval of its selection of Block & Leviton LLP as Lead Counsel for the Class. ECF No. 30.[7] Seven other movants also filed motions seeking appointment as Lead Plaintiff on January 21, 2025.

---

[7] The Dart Trust intended to attach a limited power of attorney executed on December 19, 2024 to its certification filed on January 21, 2025. Due to a technical glitch, the power of attorney was not filed via ECF. The Dart Trust corrected this error by filing the power of attorney on January 27, 2025. *See* ECF No 42-2.

*See* ECF No. 17 (Scott Vanderbosch), ECF No. 19 (Allegheny County), ECF No. 24 (Olga Kunitskaya), ECF No. 27 (Robert E. Sheehan Jr.), ECF No. 33 (Amir Konigsberg), ECF No. 35 (Eric Stephanson), and ECF No. 38 (Boris Khvostichenko). Five of those movants subsequently filed notices of withdrawal or non-opposition to the competing lead plaintiff motions, with all stating that they did not possess the "largest financial interest" in this litigation within the meaning of the PSLRA. ECF Nos. 44 (Olga Kunitskaya), 46 (Boris Khvostichenko), 47 (Robert E. Sheehan Jr.), 48 (Eric Stephanson), and 53 (Scott Vanderbosch).

## ARGUMENT

### A.  The Dart Trust Should Be Appointed Lead Plaintiff

The PSLRA creates a statutory presumption in favor of the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. 78u-4(a)(3)(B)(iii)(I). Once this presumption is triggered, it can be rebutted only upon "proof" that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

Here, the Dart Trust filed its motion within 60 days after the notice of the class action had been published, has the largest financial interest in this litigation, and has made the *prima facie* typicality and adequacy showing under Rule 23. Thus, the Dart Trust is the presumptively most adequate plaintiff under the PSLRA. Because no evidence can be offered to rebut the Dart Trust's presumptive status, it should be appointed Lead Plaintiff.

#### 1.  The Dart Trust Has the Largest Financial Interest in the Relief Sought by the Class

With a loss of $342,000 in connection with its Class Period transactions in Zeta common stock, the Dart Trust asserts the largest financial interest in the relief sought by the Class. Courts in this

5

Circuit hold that a movant's loss is the most important factor in determining the largest financial interest under the PSLRA. *See Dentsply Sirona*, 2023 WL 3750115, at \*7 (finding movants had the "largest financial interest" because they "suffered the largest loss during the class period."). Here, the Dart Trust's loss is larger than the alleged losses of all other remaining movants combined.

Because the Dart Trust asserts the largest financial interest in the relief sought here, it is presumptively the "most adequate plaintiff" under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2.  The Dart Trust Satisfies the Requirements of Rule 23

On top of possessing the largest financial interest in the relief sought by the Class, the Dart Trust also satisfies the typicality and adequacy requirements of Rule 23. The Dart Trust purchased all of its Zeta common stock on the open market and, like all investors, will rely on the fraud-on-the-market theory to establish that Zeta's common stock price was artificially inflated from Defendants' false and misleading statements. The Dart Trust's claims are therefore typical of the Class because the Dart Trust "and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical." *Nixon v. CVS Health Corp.*, 2024 WL 4987425, at \*5 (S.D.N.Y. Dec. 5, 2024).

The Dart Trust likewise will adequately represent the Class because its claims and interests are aligned with those of the Class, there is no conflict between the Dart Trust's interests and those of the absent Class members, and the Dart Trust has selected qualified and experienced counsel. *See May v. Barclays PLC*, 2023 WL 5950689, at \*18 (S.D.N.Y. Sept. 13, 2023) ("A presumptive lead plaintiff is adequate if they '(1) [have] no conflict of interest with the other members of the class, (2) [have] sufficient interest in the outcome of the case, and (3) [have] selected counsel that is

qualified, experienced, and generally able to conduct the litigation in question.'") (internal citations omitted).

The Dart Trust submitted a declaration with its opening motion explaining who it is, its understanding of this action and its role and responsibility to be the Lead Plaintiff and oversee this litigation. *See* ECF No. 45-4.

As the movant with the greatest financial interest, the Dart Trust has the incentive to vigorously represent the Class. There is also no conflict between the Dart Trust's interests and those of the other Class members. To the contrary, the interests of the Dart Trust and other Class members are directly aligned because all suffered damages from their purchases of Zeta securities that were artificially inflated by Defendants' misconduct during the Class Period. The Dart Trust has also shown its adequacy through its selection of Block & Leviton as Lead Counsel to represent the Class. As described in its opening brief, Block & Leviton is highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *See* ECF Nos. 31 at 7-8, 45-5. Moreover, the Dart Trust is a sophisticated investor with significant resources and investing experience. ECF No. 45-4.

Accordingly, because the Dart Trust has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, the Dart Trust is the presumptive lead plaintiff.

**B.  Competing Movants Have Not Rebutted the Presumption in Favor of the Dart Trust**

Because the Dart Trust has met all the requirements for appointment, and there is no "proof" to rebut the Dart Trust's presumptive status, the Court need not consider the competing motions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) ("there must be 'proof' of a non-speculative risk that the movant is subject to unique defenses that render them incapable of

adequately representing the class.") (citing *Schaffer v. Horizon Pharma Plc*, 2016 WL 3566238, at *2 (S.D.N.Y. June 27, 2016)) ("courts…have treated 'proof' as synonymous with 'evidence.'").

### C. The Court Should Approve the Dart Trust's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also Dentsply Sirona*, 2023 WL 3750115, at *8 (the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention."). In making this determination, a court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u- 4(a)(3)(B)(iii)(II)(aa).

The Dart Trust has bolstered its adequacy by selecting Block & Leviton—counsel experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class. Block & Leviton has repeatedly demonstrated its capability to conduct complex securities class action litigation in an efficient, effective, and professional manner. *See* ECF Nos. 31 at 7-8, 45-5.

Accordingly, the Court should approve the Dart Trust's selection of Block & Leviton as Lead Counsel for the Class.

### CONCLUSION

For these reasons, and as described in its Motion, the Dart Trust respectfully requests that the Court: (1) appoint the Dart Trust as Lead Plaintiff; (2) approve the Dart Trust's selection of Block & Leviton LLP to serve as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

DATED:  February 4, 2025          Respectfully submitted,

*/s/ Jeffrey C. Block*
Jeffrey C. Block
Jacob A. Walker (*pro hac vice* forthcoming)
Sarah Delaney
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com
sarah@blockleviton.com

*Counsel for Plaintiff*

9

<u>CERTIFICATE OF SERVICE</u>

I, Jeffrey C. Block, hereby certify that on February 4, 2025, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Jeffrey C. Block*
Jeffrey C. Block
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com

*Counsel for Plaintiff*

10