**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARMIN DAVOODI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ZETA GLOBAL HOLDINGS CORP., DAVID A. STEINBERG, and CHRISTOPHER GREINER, <br><br> Defendants. | **Case No. 1:24-cv-8961-DEH** |

**AMIR KONIGSBERG'S REPLY IN FURTHER SUPPORT OF**
**HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF**
**SELECTION OF LEAD COUNSEL**

## I.   INTRODUCTION

Of the two remaining movants, Amir Konigsberg alone satisfies all of the Private Securities Litigation Reform Act of 1995's ("PSLRA's") requirements for selecting the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ("the most adequate plaintiff" is the person who has the largest financial stake in the outcome of the case and also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23")).[1] Indeed, pursuant to the PSLRA, "[a] movant's financial interest is just a beginning point" and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class. *In re Facebook, Inc.*, 288 F.R.D. 26, 37 (S.D.N.Y. 2012) (quoting *In re Cable & Wireless, PLC*, 217 F.R.D. 372, 377 (E.D. Va. 2003)).

Here, other than correctly observing that Mr. Konigsberg claims a relatively smaller loss, the Dart Trust had no grounds to oppose his motion whatsoever. *See* ECF No. 56 at 3.[2] And it cannot. *See* ECF No. 54 at 12-15. By contrast, the Dart Trust should not be appointed lead plaintiff because it is subject to unique standing defenses. *See Scott v. N.Y. City Dist. Council of Carpenters Pension Plan*, 224 F.R.D. 353, 357 (S.D.N.Y. 2004) (finding that "a defense unique to a named plaintiff" "can bar a finding of adequacy even if that defense would not ultimately defeat that particular class representative's claim"). Accordingly, Mr. Konigsberg should be appointed as lead plaintiff and the Dart Trust's motion should be denied.

---

[1]   All emphasis added and internal citations omitted unless otherwise indicated.

[2]   The Allegheny County Employees' Retirement System did not file an opposition. *See* ECF No. 52; *Teran v. Subaye, Inc.*, 2011 U.S. Dist. LEXIS 105774, at *2 n.2 (S.D.N.Y. Sept. 16, 2011) (equating failure to file an opposition motion with withdrawal or abandonment of the initial motion to serve as lead plaintiff); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 116 (S.D.N.Y. 2010) (same).

## II.    ARGUMENT

Mr. Konigsberg suffered the largest loss of any applicant before the Court that is also typical and adequate and not subject to any unique defenses, whether based on standing or otherwise. *See* 15 U.S.C. § 78u-4(a)(3)(B). The lack of any substantive opposition to Mr. Konigsberg's motion therefore supports his status as the "most adequate plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).[3]

Unlike Mr. Konigsberg, the Dart Trust is "subject to unique defenses" because it has not met its burden to establish its Article III standing. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (stating that the party seeking to invoke federal court jurisdiction has the burden of establishing the constitutional elements of standing); *see also Schaffer v. Horizon Pharma PLC*, 2016 U.S. Dist. LEXIS 83175, at *11 (S.D.N.Y. 2016). The law in this Circuit holds that—absent an assignment of claims—only a trustee has standing to pursue claims on a trust's behalf. *See Seidel v. Noah Educ. Holdings, Ltd.*, 2009 U.S. Dist. LEXIS 25949, at *8-10 (S.D.N.Y. 2009). Here, however, the Trust ***itself*** sought to be appointed. *See Chem. Bank v. Shearson Lehman Bros.*, 1992 U.S. Dist. LEXIS 10751, at *2 (S.D.N.Y. 1992) ("A Trustee of a trust is the legal owner of the Trust's assets and has standing to bring an action to recover losses sustained by the trust as a result of the wrongful and fraudulent actions of a defendant.").

Moreover, under Second Circuit precedent, a trustee must have assigned Mirko Dardi a property interest in the claims at issue for Dardi to move for lead plaintiff in the Trust's name. *See W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) (Indeed,

---

[3]    Any attempt by the Dart Trust to challenge Mr. Konigsberg's qualifications for the first time on reply should be deemed untimely and the arguments waived. *See Salazar v. Buono*, 559 U.S. 700, 729 n.1 (2010) ("Buono failed to raise the issue in his brief in opposition to certiorari, and we may deem it waived.").

courts recognize that "the minimum requirement for injury-in-fact is that the plaintiff have legal title to, or a property interest in, the claim."). The Dart Trust provided no such assignment here and the mere limited power of attorney it submitted is facially insufficient post-*Huff*. *See id.*

Accordingly, the "Limited Power of Attorney" submitted by the Dart Trust here does not confer Dardi with Article III standing to pursue these claims as lead plaintiff in the Trust's (or his wife's) name.[4] *See id.* (holding that a mere power-of-attorney is insufficient to confer standing); *see also Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 U.S. Dist. LEXIS 192673, at *9 (D.N.J. 2017) (lack of required document with initial lead plaintiff motion rendered applicant not the "presumptively most adequate lead plaintiff").

The Dart Trust and Dardi have not even attempted to argue any other avenue to third party standing under Cook Islands law—likely because those avenues are similarly deficient. *See Baydale v. Am. Exp. Co.*, 2009 U.S. Dist. LEXIS 71668, at *9 (S.D.N.Y. 2009) (denying lead plaintiff motion where movant raised complex issues of foreign law that would cause a "needless litigation sideshow" that could be averted by selecting another lead plaintiff). Nor has the Dart Trust attempted to invoke the prudential exception to the injury-in-fact requirement. *See Plymouth Cnty. Ret. Ass'n*, 2021 U.S. Dist. LEXIS 180029, at *13 ("As noted above, Erste AM has failed even to establish any barriers that prevented Erste 566 from bring[ing] the securities claims for the shares that Erste 566 bought and sold.").

Without any evidence of its standing, the Dart Trust has not made the required Rule 23 showing and, hence, cannot trigger the PSLRA's presumption. *See In re Imax Sec. Litig.*, 2009

---

[4]    The Dart Trust claims that it failed to file the "Limited Power of Attorney" on January 21, 2024 due to a "technical glitch." *See* ECF No. 56 at 4 n.7. If accurate, courts in this District "routinely decline to consider motions to be untimely based on a failed ECF filing, particularly where a [Notice of Electronic Filing] was generated upon an original, timely filing." *Corley v. Spitzer*, 2015 U.S. Dist. LEXIS 2022, at *3 (S.D.N.Y. 2015).

U.S. Dist. LEXIS 58219, at *11 (S.D.N.Y. 2009) (removing lead plaintiff due to the standing issue afflicting Dart Trust here); *Gross v. AT&T Inc.*, 2019 U.S. Dist. LEXIS 225777, at *5-6 (S.D.N.Y. 2019) (finding a movant to be an inadequate lead plaintiff because it had not established standing and was therefore subject to a unique defense).

Even if the Dart Trust were able to trigger the PSLRA's presumption, that presumption has clearly been rebutted, "because the PSLRA requires proof that the movant is ***merely 'subject to'*** ***unique defenses*** [as] many courts have rejected appointments of lead plaintiffs based on ***potential risks***." *In re Hebron Tech. Co. Sec. Litig.*, 2020 U.S. Dist. LEXIS 169480, at *17 (S.D.N.Y. 2020) (cleaned up); *see also In re Paysafe Ltd.*, 2024 U.S. Dist. LEXIS 69230, at *20-21 (S.D.N.Y. 2024) (disqualifying presumptive lead plaintiff due to potential challenge to its standing and holding that whether another movant could prove that this challenge would succeed was "beside the point."). "This approach protects members of the putative class, because even ultimately unsuccessful unique defenses may 'divert attention from the substance of the basic claim,' and class members are 'entitled to be represented by someone unhindered by' such distractions." *Id.* (quoting *Rocco v. Nam Tai Elecs., Inc.*, 245 F.R.D. 131, 135 (S.D.N.Y. 2007).

Finally, as Mr. Konigsberg explained in his opposition, the "Cook Islands International Trusts Act" creates more questions than answers. *See* ECF No. 54, at 1, 8. One thing the Cook Islands International Trusts Act makes crystal clear, however, is that the Cook Islands will not respect a judgment of this Court, if any, against the Dart Trust:

> 13D. Foreign Judgements[sic] not enforceable - Notwithstanding the provisions of any treaty or statute, or any rule of law, or equity, to the contrary, no proceedings for or in relation to the enforcement or recognition of a judgement obtained in a jurisdiction other than the Cook Islands against any interested party shall be in any way entertained, recognized[sic] or enforced by any Court in the Cook Islands . . .

*See* Ex. A to Miller Opp. Decl., ECF No. 55-1, at § 13D; *see also Olson v. Marshack*, 2018 U.S. Dist. LEXIS 74693, at *2-3 n.1 (C.D. Cal. 2018) (explaining that the purpose of Cook Islands

4

trusts is to "create . . . a unique debtor's haven. Whereby, the laws are tilted so heavily in favor of debtors that no matter how righteous [a creditor's] claim might be, and how seemingly powerful this building with its mahogany slabs and so forth and a gold eagle up there, how fearsome that might be they can simply go, 'Come get it.'"). It is, in other words, unlikely whether the Dart Trust is even a member of the putative class. *See Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201, 203-05 (S.D.N.Y. 2007) (rejecting presumptive lead plaintiff on *res judicata* grounds reasoning "prudence cautions that the arguments for [German entity's] exclusion are substantial, and in light of that risk it would be improvident to appoint the German Institutional Investor Group as lead plaintiff").

Because its appointment as lead plaintiff here could jeopardize the claims of the class, the Court should deny the Dart Trust's motion. In the alternative, the Court can and should grant limited discovery into such basic questions as whether the Dart Trust assigned its claims to Mr. Dardi and, if so, whether Mr. Dardi is at all qualified to perform the duties of lead plaintiff. *See* ECF No. 54, at 10-12. Mr. Dardi, for his part, still has made no proffer whatsoever as to his or his wife's background, prior investment or business experience, the terms of the Dart Trust, ***or even his wife's name***—the purported beneficiary of the Dart Trust. Indeed, "ample case law supports what one would have thought is an uncontroversial point—namely, that even a preliminary showing of adequacy requires a threshold amount of information regarding an individual movant's background and sophistication." *In re HEXO Corp. Sec. Litig.*, 2020 U.S. Dist. LEXIS 166312, at *5 (S.D.N.Y. 2020).

Absent such information, the Dart Trust remains an opaque Cook Islands entity (likely created to prevent Mr. Dardi's creditors from reaching his assets) that is plainly unable to satisfy the adequacy requirement of Rule 23. *See, e.g., Smajlaj v. Brocade Commc'ns Sys. Inc.*, 2006 U.S.

5

Dist. LEXIS 97618, at *12 (N.D. Cal. 2006) (movant created "too many questions surrounding [its] standing, authority, transparency, and structure that may give rise to unique defenses and are atypical of the class as a whole.").

## III.    CONCLUSION

For all of the foregoing reasons, Mr. Konigsberg's motion for appointment as Lead Plaintiff should be granted, and all other motions should be denied.

DATED: February 11, 2025

Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

By: *s/ Kim Miller*
Kim Miller (KM6996)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3732
kim.miller@ksfcounsel.com

-and-

Ramzi Abadou
(*pro hac vice to be submitted*)
**KAHN SWICK & FOTI, LLP**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

Lewis S. Kahn
(*pro hac vice to be submitted*)
James T. Fetter
(*pro hac vice to be submitted)*
Alexandra Pratt
(*pro hac vice submitted)*
**KAHN SWICK & FOTI, LLC**
1100 Poydras Street, Suite 960
New Orleans, Louisiana 70163

Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
james.fetter@ksfcounsel.com
alexandra.pratt@ksfcounsel.com

*Counsel for Movant Amir Konigsberg*

7

## **CERTIFICATE OF SERVICE**

On February 11, 2025, the foregoing document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*s/ Kim Miller*
Kim Miller