**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARMIN DAVOODI, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-08961-DEH |
| Plaintiff, | CLASS ACTION |
| v. | **REPLY OF THE DART TRUST IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF LEAD COUNSEL** |
| ZETA GLOBAL HOLDINGS CORP., DAVID A. STEINBERG, and CHRISTOPHER GREINER, | |
| Defendants. | |

The Dart Trust[1] submits this reply in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Block & Leviton LLP as Lead Counsel, and in opposition to the competing motion of Amir Konigsberg (ECF No. 54) ("Opp.").

Eight investors originally filed motions to be appointed lead plaintiff. Most have withdrawn their motions, recognizing that the Dart Trust has the largest financial relief in this case and is an otherwise adequate and typical investor. This includes Eric Stephanson, who had the second-largest loss of any movant.[2]

Konigsberg, the only movant to substantively oppose the Dart Trust's motion, knows his losses are significantly smaller than those of the Dart Trust and that the Dart Trust is otherwise adequate and typical, so he advances two meritless arguments as to why the Dart Trust should not be appointed as the lead plaintiff. First, he falsely claims that the Dart Trust lacks standing, even though the trust purchased Zeta common stock, suffered an injury, and has standing to sue.

Second, Konigsberg erroneously claims that Dart Trust's motion is untimely because the power of attorney attached to Miko Dardi's declaration was not filed on January 21, 2025. Perusal of the docket sheet shows that there was an error in the filing—ECF No. 32—the power of attorney (dated December 19, 2024) was not uploaded as an exhibit onto the ECF system. That hardly makes the motion untimely; the power of attorney was filed shortly thereafter and well before any opposition briefs were due.

Accordingly, the Dart Trust has the largest financial interest of any movant, is an otherwise adequate and typical investor. It is therefore the presumptive lead plaintiff and its motion should be granted and its selection of counsel, Block & Leviton LLP, should be approved.

---

[1] Capitalized terms not otherwise defined herein are defined in the Dart Trust's opening memorandum. ECF No. 31.
[2] The only institutional investor, Alleghany County Employees Retirement System, did not withdraw its motion, but did not dispute that Dart Trust has the largest financial interest in the litigation.

### I.       The Dart Trust Has Standing to Sue

The Dart Trust purchased Zeta common stock and suffered losses on its purchases, giving it standing to bring its claim.[3] Konigsberg confusingly argues that "a third party (like the Dart Trust here) must be assigned a property interest in the claims at issue to have standing." Opp. at 1. But the trust is not a "third party." The Dart Trust is the party that purchased Zeta common stock. The Dart Trust suffered the injury on those purchases and the Dart Trust has standing to sue to recover its losses on those stock purchases.

Konigsberg completely misunderstands the Second Circuit's decision in *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche, LLP*, 549 F. 3d 100 (2d Cir. 2008). There, an investment advisor, W.R. Huff, sought to bring suit on behalf of its clients who purchased the securities at issue, and who suffered the losses. As the Second Circuit found "Huff does not allege that it was an investor in Adelphia; instead, Huff claims that it provided investment advice to its clients and, from 1999 until 2002, purchased Adelphia securities on their behalf. These clients, not Huff, have suffered financial losses as a result of Aldelphia's collapse. Indeed, Huff explicitly disclaims that it "suffered an injury individually in a way that is separate from its agency function." *Id.* at 104.

Perhaps Konigsberg is confused because Mr. Dardi, who provided investment advice to the Trust in purchasing Zeta common stock was given a power of attorney to act on behalf of the Trust. But Mr. Dardi is the husband of the Trust's beneficiary and not some random third party. Perhaps Konigsberg is also confused by the power of attorney Mr. Dardi received *to act on behalf of the Trust*.

---

[3] As Mr. Dardi's declaration provides: "The Certification submitted with the Dart Trust's motion accurately reflects the Dart Trust's transactions in Zeta . . . securities from February 27, 2024 and November 13, 2024. As reflected in the Certification, the Dart Trust purchased a significant amount of Zeta common stock during the class period in this case and suffered substantial losses, which are the result of the alleged violations of the federal securities laws." ECF 32-4 at ¶3.

What Konigsberg does not seem to understand is "the dispositive question is whether [the Dart Trust] as the named plaintiff, can demonstrate an "injury-in-fact" . . ." *Huff*, 549 F. 3d at 107.[4] The Dart Trust *can* demonstrate an "injury-in-fact" as it purchased the Zeta common stock at issue and it suffered the loss on those purchases. In *Blue Chip Stamps*, the Supreme Court held that only a buyer or seller of securities has standing to assert a claim based on a 10b-5 violation. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 (1975). The buyer here is the Dart Trust, not its trustee. While Konigsberg cites opinions where trustees also had standing to bring suit on behalf of their trusts, these cases do not hold that the trusts themselves lacked standing. *See Seidel v. Noah Educ. Holdings Ltd.*, 2009 WL 700782, at *3 (S.D.N.Y. Mar. 9, 2009); Opp at 7. To the contrary, trusts have been appointed as lead plaintiffs in this District and elsewhere. *See e.g.*, *Nurlybaev v. ZTO Express (Cayman) Inc.*, 2017 WL 5256769, at *3 (S.D.N.Y. Nov. 13, 2017) (granting lead plaintiff appointment of Wong Family Trusts); *see also, Perez v. Target Corp.*, 2023 WL 8379119 (D. Minn. Nov. 13, 2023) (appointing the Terry and Diane Van Der Tuuk Living Trust as lead plaintiff in a securities class action).

Unlike investors who hire investment managers, the Dart Trust is a legal entity that must act through its representatives. Here, the trustee of Dart Trust believed that Mr. Dardi, the Trust's settlor and protector with experience in investing and managing assets, would be well-suited to act as Dart Trust's representative in this case. ECF Nos. 32-4, 45-4. Konigsberg cites no authority holding that trustees are unable to make such decisions to protect the interests of the trust, or that to do so, they must transfer the trust's property ownership. In fact, to the contrary, courts have found that asset managers of foreign trusts have standing to bring suit on behalf of their trusts. *See OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 404 (D. Del. 2014) ("this

---

[4] To be clear, in any amended complaint, the Plaintiff will be the Dart Trust, the purchaser of the Zeta common stock at issue.

District has previously appointed a foreign asset manager as lead plaintiff under the PSLRA.") (citing *In re Vivendi Universal, S.A. Sec. Litig.*, 605 F.Supp.2d 570, 580 (S.D.N.Y. 2009) (finding French asset manager had standing to bring suit on behalf of FCPs, stating: "[l]egal experts from both sides of the debate agree that FCPs do not have legal personality and thus cannot act on their own.")).

Here, Mr. Dardi is not seeking to pursue the claims on his own behalf, but is properly acting as a representative of the Dart Trust after being empowered to do so by its trustee. Mr. Konigsberg has submitted no authority, let alone any the required "proof," to show that trustees lack this authority. His lack of understanding is further evidenced by his confusion about Mr. Dardi's position as the "'settlor and protector' of the Trust – whatever that means[.]" Opp. at 10. What it means is clearly explained in the International Trusts Act 1984 that Konigsberg attached to his own opposition. *See* ECF No. 55-1. As stated in Konigsberg's own authority, a "settlor" means and includes "an assignor of property to an international trust and each and every person who, directly or indirectly, on behalf of himself or on behalf of any other or others, as owner or as the holder of a power in that behalf, disposes of property to be held in such trust or declares or otherwise creates such trust[.]" *Id.* at 6. A "protector" means anyone who either "has the power to appoint or remove a trustee[,]" "directly or indirectly controls, whether by power of veto or otherwise, the trustees' exercise of one or more of their powers, functions or discretions under the trust," or "holds the office of protector in accordance with subsection 20(1)." *Id.* at 5-6. Despite his attempts to confuse the Court, Konigsberg is already aware of Mr. Dardi's authorities as settlor and protector of Dart Trust.

Accordingly, the Dart Trust has standing to pursue securities fraud claims against Zeta Global.

## II.    The Dart Trust's Motion Was Timely

Konigsberg also claims not that the Dart Trust failed to timely file its motion to be appointed Lead Plaintiff on January 21, 2025 or that the Dart Trust failed provide its accurate financial information in that motion, but that the "Dart Trust's belated attempt to amend the Declaration of Mirko Dardi" six days after the lead plaintiff filing renders the motion untimely.

Contrary to Konigsberg's contention, there was no attempt to amend Mr. Dardi's declaration. Rather, the power of attorney granting Mr. Dardi the power to act on behalf of the Trust in this action was not uploaded onto the docket when the motion was originally filed on January 21, 2025. See ECF No. 32 ("Filing Error Deficient Docket Entry")[5].

Unsurprisingly, Courts do not find that inadvertent or technical errors in a lead plaintiff filing does not render the motion untimely or the lead plaintiff movant inadequate. "[M]inor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 538–39 (S.D.N.Y. 2015) (citing *Roby v. Ocean Power Techs., Inc.*, 2015 WL 1334320, at *8–*9 (D.N.J. Mar. 17, 2015) (finding a supplemental certification clarifying that the individual signer was acting in his capacity as an agent of the entity was sufficient to remedy any purported deficiencies, but that opposing movants offered "no actual proof" that he lacked the authority); *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 410–11 (1998) (allowing presumptive most adequate plaintiff group to supplement certifications to correct technical deficiencies)). Here, there is no error in Mr. Dardi's certification – he specifically stated that he had the requisite authority to sign on behalf of the Dart Trust. As in *Alibaba*, Mr. Dardi also submitted a declaration explaining his relationship to Dart Trust as its settlor and protector and that he has the requisite authority to sign on behalf of the Dart

---

[5] The Power of Attorney is dated December 19, 2024. ECF No. 45-2 at page 4.

Trust. ECF No. 32-4. The declaration, along with the Dart Trust's corrected filing (ECF No. 45-2), are more than sufficient to show that Mr. Dardi is authorized to sign the certification on behalf of Dart Trust.

An error uploading an exhibit to Mr. Dardi's declaration hardly rises to the level of demonstrating the Dart Trust's inadequacy or that its motion was not timely filed. In fact, the Dart Trust was not even required by the PSLRA to provide a power of attorney. *See* 15 U.S.C. §78u4(a)(2)(A)). Konigsberg cannot refute that the Dart Trust's motion and certification required by the PSLRA were filed by the deadline. He misplaces his reliance on *Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 WL 5598214, at *3 (D.N.J. Nov. 21, 2017)—where a movant filed "unsworn PSLRA declarations that lacked the required 'under penalty of perjury' language as federal law requires"—but that is not obviously not the case here. The certification signed by Mr. Dardi on behalf of the Dart Trust included the required "under penalty of perjury" language. ECF No. 32-2. Konigsberg also cites to opinions where movants attempted to change their loss calculation after their motions were filed, but those cases are also inapplicable. *See* Opp. at 4. None of the cases cited by Konigsberg support that the Dart Trust's filing was untimely.

**III.    There Is No Basis to Hold an Evidentiary Hearing**

There is no dispute that the Dart Trust has the "largest financial interest" in this litigation. It has made a *prima facie* showing of typicality and adequacy required by Rule 23 and enjoys a strong presumption that it should be appointed lead plaintiff under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Once the presumption is triggered—as it has been for the Dart Trust—it can be rebutted only "upon proof" that the Dart Trust is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) ("there

6

must be 'proof' of a non-speculative risk that the movant is subject to unique defenses that render them incapable of adequately representing the class.") (citing *Schaffer v. Horizon Pharma Plc*, 2016 WL 3566238, at *2 (S.D.N.Y. June 27, 2016)) ("courts…have treated 'proof' as synonymous with 'evidence.'").

The PSRLA provides that:

> discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.

15 U.S.C. § 78u–4(a)(3)(B)(iv).

Konigsberg puts the cart before the horse. He demonstrates no reasonable basis to claim that the Dart Trust cannot adequately represent the class. Instead, he would like to conduct a fishing expedition into Mr. Dardi's background, and the background of his wife, in hopes of finding a basis to claim that the Dart Trust is inadequate.

Courts disallow discovery fishing expeditions of competing lead plaintiff movants, for good reason. Every movant with smaller losses can claim the movant with the highest losses has failed to "has provided . . . information about [their] background, place of residence, or investment experience," Opp. at 11, which would subject every presumptive lead plaintiff to discovery from a competing movant. In *Alibaba*, Judge McMahon rejected a jilted lead plaintiff movant's request to take discovery of the presumptive lead plaintiff concerning their "identity and retention of competing law firms to serve as lead counsel; (2) [their] ownership of Christine Asia and his authority to sign the PSLRA certification on its behalf; and (3) [its] standing as a class member to pursue their claims." As the court held:

> I see no reason to grant that discovery. As I have recounted, [the proposed lead plaintiffs] have made the requisite preliminary showing of adequacy to be co-lead plaintiffs. Moreover, I see little to be found out in such discovery. . .

7

*See also, Labelle v. Future FinTech Group, Inc.*, 2024 WL 4275226 (D.N.J.) ("The court declines to order discovery. To disqualify [competing movant], Pierce would need to provide admissible evidence so severely undermining [the movant's] credibility that a fact finder might reasonably focus on plaintiff's credibility to the detriment of the absent class members' claims.")

There is no basis for the Court to question Mr. Dardi's declaration that the Dart Trust purchased Zeta common stock and that he was granted the authority to prosecute the claims on behalf of the trust. *Stone v. Agnico-Eagle Mines Ltd.*, 280 F.R.D. 142, 145 (S.D.N.Y. 2012) (rejecting argument to disregard sworn certification of lead plaintiff applicant that it had standing to assert securities fraud claims.)

Konigsberg's request that the Court hold an evidentiary hearing fares no better here. Konigsberg simply wants to fish around and try to find some basis to claim the Trust is inadequate. His cases are off the mark. *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002), did not hold that an evidentiary hearing was necessary. In his two other cases, *Andrade v. Am. Apparel, Inc.*, 2011 WL 13130706, at *8 (C.D. Cal. Mar. 15, 2011), where the movant's company had under-reported its taxes and was preoccupied with bankruptcy; and *In re The Reserve Fund Sec. and Derivative Litig.*, No. 09 MD 2011 (S.D.N.Y. Aug. 5, 2009), which investigated whether a proposed group of movants was formed in bad faith and lawyer-driven, the competing movants provided a basis as to why the movant with the largest loss was inadequate. None of these issues apply here. The Dart Trust is not part of a lead plaintiff group and there is no "unrelated misconduct." *See Am. Apparel, Inc.*, 2011 WL 13130706, at *8.

Nor is there any occasion to provide any additional "biographical information" about Mr. Dardi, who already submitted a declaration, or his wife, who is not representing Dart Trust in this case. The PSLRA does not require lead plaintiff movants to provide information beyond the

8

certification specifically listed in the statute, which all movants filed here. *See* 15 U.S.C. §78u4(a)(2)(A)). Konigsberg's own cases also demonstrate that biographical information is not necessary at the lead plaintiff stage. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("a straightforward application of the statutory scheme, as outlined above, provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case."); *Andrade v. Am. Apparel, Inc.*, 2011 WL 13130706, at *5 (C.D. Cal. Mar. 15, 2011) ("'A wide ranging analysis is not appropriate' to determine whether the movant has made a *prima facie* showing that he satisfies the requirements of Rule 23, and 'should be left for consideration on a motion for class certification.'") (internal citations omitted).

While it is not required, Mr. Dardi did in fact submit a declaration attesting to his status as the Dart Trust's settlor and protector and stating that he has been managing family savings since 2009, ECF Nos. 32-4, 45-4, demonstrating that Konigsberg's cases where movants failed to submit basic biographical information are inapplicable. Opp. at 10-11. As explained above, the Dart Trust is not subject to any of the circumstances that commonly warrant discovery—it did not make any loss calculation errors and is not part of a group. *See* Opp. at 11 (citing *Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3–4 (S.D. Cal. Jan. 22, 2019)) ("Mistry claims Singh used the wrong loss calculation, which when corrected, reduces his losses by 30%."); *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1018 (N.D. Cal. 1999) ("One of the pivotal legal issues is whether a "group" of unrelated investors with no decisionmaking structure and no connection other than counsel can qualify as a candidate for lead plaintiff under the PSLRA.").

There is no legitimate argument that the Dart Trust has not met the *required prima facie* showing of typicality and adequacy. The Dart Trust is the presumptive lead plaintiff, and Mr. Konigsberg has submitted no "proof" to rebut the presumption.

9

## CONCLUSION

Accordingly, the Court should appoint the Dart Trust as Lead Plaintiff and approve its selection of Block & Leviton as Lead Counsel for the Class.

DATED: February 11, 2025                         Respectfully submitted,

                                                  */s/ Jeffrey C. Block*
                                                   Jeffrey C. Block
    Jacob A. Walker (*pro hac vice* forthcoming)
    Sarah Delaney
    **BLOCK & LEVITON LLP**
    260 Franklin Street, Suite 1860
    Boston, MA 02110
    (617) 398-5600 phone
    jeff@blockleviton.com
    jake@blockleviton.com
    sarah@blockleviton.com

    *Counsel for Plaintiff*

10

<u>CERTIFICATE OF SERVICE</u>

I, Jeffrey C. Block, hereby certify that on February 11, 2025, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

<div style="margin-left: 40%;">

*/s/ Jeffrey C. Block*
Jeffrey C. Block
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com

*Counsel for Plaintiff*

</div>

11