UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMIN DAVOODI, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>ZETA GLOBAL HOLDINGS CORP., et al,<br><br>                              Defendants. | 24-CV-8961 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On February 18, 2025, the Court held a hearing to consider the appointment of lead plaintiff and lead counsel in this action under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). After considering the movants' arguments in their papers and at the conference, the court hereby appoints Amir Konigsberg and the Allegheny County Employees' Retirement System ("Allegheny") as co-lead plaintiffs.

The PSLRA directs the court to appoint as lead plaintiff the party or parties "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is the person who: (1) has either "filed the complaint or made a motion in response to a notice"; (2) has the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," *id.* § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). This presumption "may be rebutted upon proof by a member of the purported plaintiff class" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

Rule 23 outlines four requirements for class certification—numerosity, commonality, typicality, and adequacy. *Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70, 80 (2d Cir. 2015). "However, at this stage of the litigation, the movant must only make a preliminary showing that the adequacy and typicality requirements have been met." *Atwood v. Intercept Pharms., Inc.*, 299 F.R.D. 414, 416 (S.D.N.Y. 2014). A lead plaintiff's claims are typical "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173-74 (S.D.N.Y. 2010). "The adequacy requirement is satisfied where: (1) there is no conflict between the proposed lead plaintiff and the members of the class; (2) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) class counsel is qualified, experienced, and generally able to conduct the litigation." *Atwood*, 299 F.R.D. at 416.

Here, the movants do not dispute that Dart Trust has made a motion in response to a notice in this matter and has the largest financial interest in the relief sought, thereby satisfying two of the three elements that would give rise to a rebuttable presumption that it should be the lead plaintiff. *See* § 78u-4(a)(3)(B)(iii)(I)(aa)-(bb). But Konigsberg argues that Dart Trust has not made a preliminary showing of adequacy to satisfy § 78u-4(a)(3)(B)(iii)(I)(cc), and the Court agrees.

As an initial matter, Dart Trust has failed to make a preliminary showing that it has standing to pursue the claims on behalf of the class. Dart Trust is a trust registered under the Cook Islands International Trusts Act of 1984. Decl. of Mirko Dardi ("Dardi Decl.") ¶ 2, ECF No. 45-4. Traditionally, a trust was considered "a fiduciary relationship between multiple people," not "a distinct legal entity" or a "thing that can be haled into court." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016); *see also Raymond Loubier Irrevocable Tr.*

*v. Loubier*, 858 F.3d 719, 730 (2d Cir. 2017) (explaining that "a traditional trust is not a legal entity capable of legal action on its own behalf" (quoting Restatement (Second) of Trusts § 2 (1957))). Thus, "the common law tasks the trustee with bringing suit on behalf of a trust." *Raymond Loubier*, 858 F.3d at 730. Although some states "have applied the 'trust' label to a variety of unincorporated entities that have little in common with this traditional template," *Americold*, 577 U.S. at 383, Dart Trust has made no showing that it is a non-traditional trust with a separate legal personality. The Court therefore assumes that it is a traditional trust, and that any suit must be brought by the trustee on its behalf.

Here, it is not the Trust's trustee but its "settlor and protector," Mirko Dardi, who purports to act on behalf of the Trust. *See* Dardi Decl. ¶ 2; *id.* Ex. A. The trustee granted Dardi limited power of attorney "to represent the Dart Trust in securities fraud litigation" against Defendant Zeta Global Holdings. *Id.* Ex. A. But "a mere power-of-attorney—i.e., an instrument that authorizes the grantee to act as an agent or an attorney-in-fact for the grantor—does not confer standing to sue in the holder's own right." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008). Because Dart Trust has not established Article III standing, it has failed to make a preliminary showing of typicality or adequacy under Rule 23—it "faces unique legal issues that other class members do not." *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 116 (S.D.N.Y. 2009) (holding that lead plaintiff found to have lacked Article III standing at the time of appointment "no longer satisfies the adequacy or typicality requirement").[1]

---

[1] Even if Dart Trust might ultimately be able to show that a Cook Islands trust can bring suit on its own behalf as an independent legal entity, its status nevertheless raises "complex and novel issues of law which would require extensive factual and foreign legal analysis" and create "a needless litigation sideshow," counseling against its appointment as lead plaintiff. *Baydale v. Am. Exp. Co.*, No. 09 Civ. 3016, 2009 WL 2603140, at *3 (S.D.N.Y. Aug. 14, 2009).

Dart Trust has also failed to provide basic information about Mr. Dardi's location, his professional background, and his investment experience. *See generally* Dardi Decl. He has therefore not established his adequacy to act on behalf of the Trust as lead plaintiff, even in the absence of the standing issue. *See Perez v. HEXO Corp.*, No. 19 Civ. 10965, 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) (questioning whether movant who had "fail[ed] to provide any information regarding his experience in his preliminary motion" would "meaningfully oversee and control the prosecution of this consolidated class action"); *Gross v. AT&T Inc.*, No. 19 Civ. 2892, 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) (declining "to appoint as lead-plaintiff an entity that lacks basic transparency" where movant "ha[d] not provided sufficient information" to show that it would adequately protect the interests of the class).

The Court concludes that Dart Trust is not the most adequate plaintiff. By contrast, Amir Konigsberg has submitted a detailed declaration in support of his adequacy under Rule 23. *See* Decl. of Amir Konigsberg ("Konigsberg Decl."), ECF No. 36-3. His claims are typical of those of the class. *See id.* He has made a motion in response to the notice in this case. *See* 15 U.S.C. § 78u-4(B)(iii)(I)(aa); ECF No. 33. And the Court concludes that he has the next largest financial interest in the relief sought by the class. *See* § 78u-4(B)(iii)(I)(bb). To determine financial interest, courts consider "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (i.e. the number of shares retained during the period); (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period." *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 118 (S.D.N.Y. 2010). Konigsberg suffered losses of approximately $79,004.60 from his purchases of 24,565 Zeta securities during the class period and retained 9,600 shares through the end of the class period. Decl. of Kim Miller ("Miller Decl.") Exs. A & B, ECF Nos. 36-1 & 36-2. Movant Eric Stephanson, who suffered greater losses but filed a notice of non-opposition to

4

the competing motions for appointment as lead plaintiff, urges that he should be appointed if Dart Trust is found inadequate. *See* Feb. 18 Conf. Tr. 24-26, ECF No. 69; Notice of Non-Opposition, ECF No. 48. Nevertheless, he concedes that Konigsberg prevails on three of the four factors this Court must consider in determining who has the greatest financial interest. *See* Feb. 18 Conf. Tr. at 25-26. Given that three factors weigh in Konigsberg's favor, and taking into account Stephanson's non-opposition to the competing motions, the Court concludes that Konigsberg has the greater financial interest. He therefore is presumptively the most adequate lead plaintiff, and no movant has come forward with proof that he "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

The Court notes, however, that Konigsberg lives overseas, which may present challenges to the expeditious litigation of this case. *See* Konigsberg Decl. ¶ 3. Although the Court concludes that Konigsberg has made a preliminary showing of adequacy, it also finds that it would be in the best interest of the class to appoint an institutional investor based in the United States to serve as co-lead plaintiff. *See In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015) ("[C]ourts routinely adopt a co-lead plaintiff structure where it best serves the interests of the proposed class given the circumstances of the particular case."); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 418-20 (S.D.N.Y. 2004) (discussing varying approaches to appointment of co-lead plaintiffs and finding a co-lead plaintiff structure appropriate given unique circumstances of case); *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 376 (E.D. Va. 2003) (appointing co-lead plaintiff in light of "the purpose of the PSLRA's selection-of-lead-plaintiff provision . . . to get institutional investors involved in the prosecution of securities class action suits"). At the conference, Pennsylvania-based institutional investor Allegheny County Employees' Retirement System

stated that it would be willing to serve as co-lead plaintiff, and no movant objected to that suggestion. *See* Feb. 18 Conf. Tr. 32-37. Accordingly, the Court appoints Allegheny to serve alongside Konigsberg as co-lead plaintiff.

Konigsberg's and Allegheny's respective counsel—Kahn Swick & Foti, LLC, and Labaton Keller Sucharow LLP—have extensive experience prosecuting complex securities class actions and are well qualified to represent the proposed class. *See* Miller Decl. Ex. D, ECF No. 36-4; Decl. of Francis P. McConville Ex. D, ECF No. 22-4. The Court therefore appoints them co-lead counsel, "provided that there is no duplication of attorneys' services, and the use of co-lead counsel does not in any way increase attorneys' fees and expenses." *Pirelli*, 229 F.R.D. at 421 (citation omitted).

In sum, the motions of Amir Konigsberg and the Allegheny County Employees' Retirement System's motion to serve as lead plaintiff are each **GRANTED** to the extent that they are appointed co-lead plaintiffs, and their selection of counsel is **APPROVED**. The remaining motions to serve as lead plaintiff are **DENIED**.

The Clerk of Court is respectfully directed to terminate ECF Nos. 17, 19, 24, 27, 30, 33, 35, and 38.

SO ORDERED.

Dated: February 26, 2025
New York, New York

_____
DALE E. HO
United States District Judge