**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ZETA GLOBAL HOLDINGS CORPORATION SECURITIES LITIGATION | Case No. 1:24-cv-08961-DEH-SDA |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

Defendants Zeta Global Holdings Corp. ("Zeta" or the "Company"), David A. Steinberg ("Steinberg"), Christopher Greiner ("Greiner"), Neej Gore ("Gore"), and Benjamin Hayes ("Hayes") (collectively, "Defendants"), by and through their undersigned attorneys, hereby respond to the Amended Class Action Complaint (ECF No. 92, "Complaint") filed by Lead Plaintiffs Allegheny County Employees' Retirement System and Amir Konigsberg ("Lead Plaintiffs").

Defendants deny that they made any false or misleading statement, acted with scienter, caused any loss, operated so-called "consent farms," or engaged in any fraudulent scheme. The Complaint attempts to convert a stock-price decline following a self-interested short-seller report into securities fraud claims, while challenging statements about Zeta's data practices that Defendants deny were false or misleading.

Except to the extent expressly admitted herein, Defendants deny each and every allegation in the Complaint, including any allegations contained in headings, subheadings, footnotes, exhibits, the table of contents, and any other unnumbered material. Any factual allegation admitted herein is admitted only as to the specific facts expressly admitted and not as to any conclusions, characterizations, implications, innuendo, speculation, or purported legal effect contained in that allegation or in the Complaint as a whole.

With respect to any document, statement, transcript, filing, article, report, image, chart, exhibit, or other material cited, quoted, excerpted, described, or characterized in the Complaint, Defendants respectfully refer the Court to the underlying source material for its complete and accurate contents, deny any inconsistent, incomplete, selective, or misleading characterization thereof, and do not admit that any such material is accurate, relevant, admissible, or properly considered. Defendants reserve all rights, defenses, and objections, and reserve the right to amend or supplement this Answer as appropriate.

## SPECIFIC RESPONSES

1. Paragraph 1 purports to quote and cite an article published by *The Economist*. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 1 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 1.

2. Paragraph 2 contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3. Defendants admit that Zeta is an industry-leading, data-driven, and cloud-based marketing technology enterprise that empowers companies to acquire, grow, and retain customers. Paragraph 3 also contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 3.

4. Paragraph 4 purports to quote and characterize statements that appear to derive from an interview with Yahoo Finance on June 10, 2021, and the William Blair Growth Stock Conference on June 7, 2023, including by Defendant Greiner. Those transcripts speak for

themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 4 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 4.

5. Paragraph 5 purports to quote and characterize statements that appear to derive from Zeta's annual Form 10-K for the fiscal year ending on December 31, 2023 ("2023 Form 10-K") and the Morgan Stanley Technology, Media & Telecom Conference on March 4, 2024. Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 5 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 5.

6. Paragraph 6 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 6. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 regarding customer and investor mindset, and other companies' compliance with data privacy law requirements, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 6.

7. Paragraph 7 purports to quote and characterize analyst reports by Truist Securities ("Truist") and KeyBanc Capital Markets ("KeyBanc"). Those documents speak for themselves, and Defendants respectfully refer the Court to the documents for their complete and accurate contents. To the extent Paragraph 7 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 7.

8. Paragraph 8 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 8.

9. Paragraph 9 purports to quote and cite a "report" issued by Culper Research. To the extent Paragraph 9 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 9.

10. Defendants admit that Zeta issued responses to a "report" issued by Culper Research. Paragraph 10 also purports to quote and characterize statements by Zeta in response to a "report" issued by Culper Research. Those responses and statements speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 10 mischaracterizes or selectively quotes those statements, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 11.

12. Defendants admit that Zeta has publicly denied allegations made in a "report" issued by Culper Research. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 12.

13. Defendants admit that Zeta hosted the "Zeta Data Summit" on December 9, 2024. Paragraph 13 also purports to quote and characterize statements made during and after the Zeta Data Summit, dated December 9, 2024, including by Defendant Gore and Professor Ari Waldman,

without a specified source. To the extent Paragraph 13 mischaracterizes or selectively quotes those statements, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 13.

14. Defendants admit that Zeta filed its annual Form 10-K for the fiscal year ending on December 31, 2024 ("2024 Form 10-K") with the SEC on February 26, 2025. That publicly available filing speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 14 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 14.

15. Paragraph 15 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15. Paragraph 15 also purports to quote an article published by *The Capitol Forum* on March 10, 2025. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 15 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 15.

16. Defendants admit that Zeta's stock price closed at $14.03 per share on March 10, 2025. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Paragraph 19 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs or the putative class suffered

any recoverable damages caused by any alleged act or omission of Defendants, and deny the allegations in Paragraph 19.

20. Paragraph 20 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this action purports to assert claims pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5). Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 20.

21. Defendants admit that this Court has subject matter jurisdiction over the federal securities claims alleged in the Complaint.

22. Defendants admit that venue is proper in this District.

23. Defendants admit that Zeta is headquartered in New York, NY and that its stock trades on the New York Stock Exchange ("NYSE"). Paragraph 23 also alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 23.

24. Paragraph 24 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24.

25. Paragraph 25 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants, and deny the allegations in Paragraph 25. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis deny them.

26. Paragraph 26 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants, and deny the allegations in Paragraph 26. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny them.

27. Defendants admit that Zeta is a marketing technology company incorporated under the laws of Delaware, that it is headquartered in New York, NY, and that Zeta's stock trades on the NYSE under the ticker symbol "ZETA." Defendants admit that Zeta was founded in 2007 by Defendant Steinberg and John Sculley. Defendants admit that Zeta was first known as XL Marketing, changed its name to Zeta Interactive on March 3, 2014, and then changed its name to Zeta Global on April 17, 2017. Defendants admit that Zeta's IPO was priced on June 10, 2021. Paragraph 27 also refers to or characterizes Zeta's 2024 Form 10-K. That publicly available filing speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 27 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 27.

28. Defendants admit that Defendant Steinberg co-founded Zeta, has been a member of the Zeta Board since 2007, and serves as Board Chairman and Chief Executive Officer of Zeta. Defendants admit that Defendant Steinberg is a successful entrepreneur who has founded and served as Chief Executive Officer of other companies. Defendants admit that Defendant Steinberg gave prepared remarks and answered questions at each of the Company's Earnings Conference Calls, attended interviews with analysts and the media, and signed quarterly and annual financial

reports and SOX certifications during the alleged class period. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 28.

29. Defendants admit that Defendant Greiner has served as Zeta's Chief Financial Officer since 2020. Defendants further admit that, prior to joining Zeta, Defendant Greiner served as Chief Financial Officer of LivePerson Inc. from 2018 through March 2020, and before that, spent five years at Inovalon, first as Chief Product and Operations Officer and then as Chief Financial Officer. Defendants admit that Defendant Greiner gave prepared remarks and answered questions at each of the Company's Earnings Conference Calls and signed Zeta's quarterly and annual financial reports and SOX certifications during the alleged class period. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 29.

30. Defendants admit that Defendant Gore serves as Zeta's Chief Data Officer. Defendants admit that at certain times before serving as Zeta's Chief Data Officer, Defendant Gore was President of the Zeta Data Cloud division, Chief Business Officer at Boomtrain, and founder of two digital marketing platforms. Paragraph 30 also alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 30. Paragraph 30 also refers to or characterizes Zeta's website. That website speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 30 mischaracterizes or selectively quotes Zeta's website, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 30.

31. Defendants admit that Defendant Hayes serves as Zeta's SVP, Privacy and Chief Privacy Officer. Paragraph 31 also alleges legal conclusions to which no response is required. To

the extent a response is required, Defendants deny the allegations in Paragraph 31. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 31.

32. Paragraph 32 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33. Paragraph 33 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them.

40. Paragraph 40 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 40.

41. Paragraph 41 purports to quote and characterize Zeta's SEC filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 41 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 41.

42. Paragraph 42 purports to characterize an infographic from an analyst report issued by KeyBanc, dated October 21, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 42 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 42 and footnote 3.

43. Paragraph 43 purports to quote and characterize certain of Zeta's public statements. Those statements speak for themselves, and Defendants respectfully refer the Court to them for

their complete and accurate contents. To the extent Paragraph 43 mischaracterizes or selectively quotes those statements, Defendants deny the allegations on that basis. Paragraph 43 also purports to quote and characterize an analyst report issued by KeyBanc, dated October 21, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 43 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding analyst opinion in Paragraph 43, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 43.

44. Paragraph 44 purports to quote and characterize an analyst report issued by KeyBanc, dated October 21, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 44 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 44.

45. Paragraph 45 purports to quote and characterize Zeta's Registration Statement, dated June 7, 2021 (the "Registration Statement") and an analyst report issued by KeyBanc, dated October 21, 2024. Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 45 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of allegations regarding the market's understanding in Paragraph 45, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 45.

46. Paragraph 46 purports to quote and characterize statements made during the Morgan Stanley Technology, Media & Telecom Conference on March 4, 2024, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 46 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 46 and footnote 5.

47. Defendants admit that Zeta announced the acquisition of Disqus in December 2017. Paragraph 47 also purports to characterize statements on Disqus's website. That website speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 47 mischaracterizes or selectively quotes Disqus's website, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 47.

48. Paragraph 48 purports to quote and characterize a report issued by Forbes and statements by Defendant Steinberg regarding Disqus. That document and those statements speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 48 mischaracterizes or selectively quotes the document and statements, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 48.

49. Defendants admit that Zeta filed an amendment to its Registration Statement with the SEC on June 7, 2021. That publicly available filing speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 49 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 49.

50. Defendants admit that on April 17, 2019, Zeta entered into an asset purchase agreement to purchase and assume from PostUp Digital, LLC certain tangible, intangible assets and liabilities of its standalone Unsubcentral business unit. Defendants admit that on April 18, 2019, an agreement was entered into by and among Sizmek, its shareholders, its debtors and Zeta to purchase and assume from Sizmek, certain tangible, intangible assets and liabilities of its Demand Side Platform and Data Management Platform. Defendants admit that on July 1, 2019, Zeta entered into an agreement with PlaceIQ to refer and assign certain media customers to Zeta. Defendants admit that on September 18, 2019, Zeta entered into an agreement with IgnitionOne, to acquire certain customer contracts of IgnitionOne along with certain tangible and intangible assets and to hire certain employees of IgnitionOne who are engaged in servicing the acquired customer contracts. Defendants admit that Zeta's revenue reached $368.1 million in 2020, a 20.3% increase from 2019. Defendants admit that Zeta went public in June 2021. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and on that basis deny them.

52. Paragraph 52 purports to quote and characterize an announcement issued by Apple. That announcement speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 52 mischaracterizes or selectively quotes the announcement, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 52.

53. Paragraph 53 purports to quote and characterize statements attributed to Apple's CEO and to describe an image of an Apple consent prompt. Those statements and image speak

for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 53 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 53.

54. Paragraph 54 purports to quote and characterize articles concerning opt-in and opt-out consent. Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 54 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 54.

55. Paragraph 55 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56. Paragraph 56 purports to quote and characterize industry reports and Apple's alleged policy changes. Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 56 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and on that basis deny them.

57. Paragraph 57 purports to quote and characterize articles concerning Apple's privacy changes and their effect on mobile advertising. Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 57 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 57 regarding any reactions attributed to the "marketing and advertising data world," and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 57.

58. Paragraph 58 purports to quote and characterize an analyst report issued by Bernstein Research, dated November 11, 2021. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 58 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 58.

59. Paragraph 59 purports to quote and characterize statements made during Zeta's Q2 2021 Earnings Conference Call and the Oppenheimer Technology, Internet & Communications Conference. Those transcripts speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 59 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 59.

60. Paragraph 60 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60. Paragraph 60 also purports to quote and characterize Zeta's Privacy Policy, dated May 1, 2020. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 60 mischaracterizes, misquotes, or selectively quotes the document, Defendants deny the allegations on that basis. Paragraph 60 also purports to quote the Digital Advertising Alliance's definition of consent. That definition speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 60 mischaracterizes or selectively quotes the Digital

Advertising Alliance's definition of consent, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 60 and footnote 17.

61. Defendants deny the allegations in Paragraph 61 and footnote 20.

62. Defendants admit that Zeta's IPO was priced on June 10, 2021. Paragraph 62 also purports to quote Zeta from unspecified material. To the extent Paragraph 62 mischaracterizes, misquotes, or selectively quotes Zeta, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 62.

63. Paragraph 63 purports to quote an interview, dated June 10, 2021. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 63 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 63 and footnotes 21 and 22.

64. Paragraph 64 purports to quote and characterize Zeta's Registration Statement. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 64 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 64.

65. Paragraph 65 purports to quote and characterize an analyst report issued by Bank of America, dated July 2021. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 65 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding

the market's understanding in Paragraph 65, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 65.

66. Paragraph 66 purports to quote and characterize an analyst report issued by Roth Capital Partners, dated July 6, 2021. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 66 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 66.

67. Paragraph 67 purports to quote and characterize Zeta's September 2021 investor presentation deck. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 67 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 67.

68. Defendants admit that Zeta announced the acquisition of the technology platform and data from Apptness on October 4, 2021. Paragraph 68 purports to quote and characterize the October 4, 2021, press release regarding the acquisition. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 68 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 68.

69. Defendants admit that Zeta acquired certain technology platform and data assets from Apptness. Defendants further admit that Zeta recorded goodwill in connection with the transaction. Paragraph 69 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in

Paragraph 69. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 69.

70. Defendants admit that Zeta issued a press release announcing that Zeta agreed to acquire ArcaMax on March 21, 2022. Paragraph 70 also purports to quote and characterize statements that appear to derive from Zeta's annual Form 10-K for the fiscal year ending on December 31, 2022 ("2022 Form 10-K"). That press release and publicly available filing speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 70 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 70.

71. Paragraph 71 purports to quote and characterize statements made during Zeta's Q3 2021 Earnings Conference Call and Q1 2022 Earnings Conference Call, including by Defendant Steinberg. Those transcripts speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 71 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 71.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 72.

73. Paragraph 73 purports to quote and characterize statements purportedly from an anonymous source included in an October 9, 2024, article. That article speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent

Paragraph 73 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 73.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 74.

75. Paragraph 75 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75. Paragraph 75 also purports to characterize Zeta's historic stock price data. That data speaks for itself, and Defendants respectfully refer to it for its complete and accurate contents. To the extent Paragraph 75 mischaracterizes Zeta's historic stock price, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 75.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the market's understanding in Paragraph 76, and on that basis deny them.

77. Paragraph 77 purports to quote and characterize an analyst report issued by William Blair, dated January 30, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 77 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of alleged investor

conversations, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 77.

78. Paragraph 78 purports to quote and characterize statements made by Defendant Greiner without specifying the source. To the extent Paragraph 78 mischaracterizes or selectively quotes Defendant Greiner, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 78 and footnote 27.

79. Defendants admit that Zeta hosted its Q4 and FY 2023 Earnings Conference Call on February 27, 2024, and filed its annual 2023 Form 10-K with the SEC on February 28, 2024. Paragraph 79 also purports to quote and characterize statements from that conference call and the 2023 Form 10-K. Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 79 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 79.

80. Defendants admit that Zeta's stock price opened at $10.76 per share on February 28, 2024. Paragraph 80 also purports to quote and characterize an analyst report issued by Needham & Company ("Needham"), dated February 28, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 80 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of allegations regarding Needham's reliance or reasons for its rating, and on that basis deny them. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 80.

81. Paragraph 81 purports to quote and characterize statements made during the Morgan Stanley Technology, Media & Telecom Conference and during Zeta's Q2 2024 Earnings Conference Call on July 31, 2024, including by Defendant Steinberg. Those transcripts speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 81 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 81.

82. Paragraph 82 purports to quote and characterize an analyst report issued by Truist Securities, dated July 15, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 82 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the reasons for Truist's rating, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 82.

83. Paragraph 83 purports to quote and characterize an analyst report issued by Truist Securities, dated July 31, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 83 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the reasons for Truist's rating, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 83.

84. Paragraph 84 purports to quote and characterize an analyst report issued by KeyBanc, dated October 21, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 84

mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 84.

85. Paragraph 85 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85. Paragraph 85 also purports to quote and characterize statements made during an interview on October 25, 2024, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 85 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 85.

86. Defendants admit that Culper Research issued what it described as a "report" concerning Zeta on November 13, 2024. Paragraph 86 also purports to quote and characterize that "report" issued by Culper Research. To the extent Paragraph 86 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 86.

87. Paragraph 87 purports to quote and characterize a "report" issued by Culper Research. To the extent Paragraph 87 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 87.

88. Defendants admit that the daily high for Zeta's stock price was $28.51, and that the stock price at close was $17.76, on November 13, 2024. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 88.

89. Defendants admit that Zeta published a press release on November 13, 2024, in response to a "report" issued by Culper Research. Paragraph 89 also purports to quote and

characterize the press release. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 89 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 89.

90. Defendants admit that Zeta's stock price opened at $19.12 per share on November 14, 2024, and that the difference between the close price of Zeta stock on November 13, 2024, and the open price of Zeta stock on November 14, 2024, is 7.66%. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 90.

91. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and on that basis deny them.

92. Paragraph 92 purports to quote and characterize an analyst report issued by RBC Capital Markets, dated November 13, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 92 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 92.

93. Paragraph 93 purports to quote and characterize an analyst report issued by Needham, dated November 14, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 93 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 93.

94. Paragraph 94 purports to quote and characterize an analyst report issued by Canaccord Genuity, dated November 14, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 94

mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 94.

95. Paragraph 95 purports to quote and characterize an analyst report issued by D.A. Davidson, dated November 14, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 95 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 95.

96. Paragraph 96 purports to quote and characterize a research note issued by Morgan Stanley, dated November 15, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 96 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 96.

97. Paragraph 97 purports to quote and characterize a note issued by Canaccord Genuity, dated November 19, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 97 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100. Paragraph 100 purports to quote and characterize statements made during a webinar dated November 14, 2024, including by Defendant Steinberg. That webinar speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent

Paragraph 100 mischaracterizes or selectively quotes the webinar, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 100.

101. Defendants admit that on November 20, 2024, Zeta published response materials concerning a "report" issued by Culper Research, including a press release entitled, "Zeta Global Corrects False and Misleading Claims About Its Business," and a 15-page presentation entitled "Setting the Record Straight– Zeta Provides the Facts on its Robust Accounting Processes and Controls, Data Collection Policies, and Privacy Oversight." Those materials speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 101 mischaracterizes or selectively quotes the materials, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 101.

102. Paragraph 102 purports to quote and characterize Zeta's presentation dated November 20, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 102 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 102.

103. Paragraph 103 purports to quote and characterize an analyst report issued by Morgan Stanley, dated November 21, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 103 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Morgan Stanley's views or feelings, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 103.

104. Paragraph 104 purports to quote and characterize an analyst report issued by Morgan Stanley and a Complaint for Civil Penalties, Permanent Injunction, Monetary Relief, and Other Relief, *United States v. Fluent, LLC, et al.*, No. 9:23-cv-81045 (S.D. Fla. July 17, 2023), ECF No. 1 (the "Fluent Complaint"). Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 104 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Fluent Complaint in Paragraph 104, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 104.

105. Paragraph 105 purports to quote and characterize statements made during a virtual fireside chat hosted by William Blair on November 20, 2024, including by Defendant Gore. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 105 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 105.

106. Paragraph 106 purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by Defendants Hayes and Gore. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 106 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 106.

107. Paragraph 107 purports to quote and characterize statements made during a CNBC interview, dated November 27, 2024, including by Defendant Steinberg. That transcript speaks

for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 107 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 107.

108. Defendants admit that Zeta hosted the "Zeta Data Summit" on December 9, 2024. Paragraph 108 also purports to quote and characterize the Zeta Data Summit presentation materials. Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 108 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 108.

109. Paragraph 109 purports to quote and characterize statements during the Zeta Data Summit, including by Defendant Gore. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 109 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 109.

110. Paragraph 110 purports to quote and characterize presentation materials or statements made during the Zeta Data Summit. Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 110 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 110.

111. Paragraph 111 purports to quote and characterize statements attributed to Ari Waldman in an article published by *The Capitol Forum*. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent

Paragraph 111 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 111.

112. Paragraph 112 purports to quote and characterize statements during the Zeta Data Summit, dated December 9, 2024, including by Defendant Gore. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 112 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 112.

113. Paragraph 113 purports to quote and characterize certain statements made during the Morgan Stanley Technology, Media & Telecom Conference on March 3, 2025, including by Defendant Gore. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 113 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 113.

114. Paragraph 114 purports to characterize the Zeta Data Summit presentation, dated December 9, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 114 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 114.

115. Paragraph 115 purports to quote and characterize an analyst report issued by Morgan Stanley and a research note issued by Canaccord Genuity. Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 115 mischaracterizes or selectively quotes those documents,

Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 115.

116. Defendants admit that on December 9, 2024, Zeta's stock price opened at $26.10 per share and closed at $22.97 per share, reflecting a 12% difference. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 116.

117. Paragraph 117 purports to quote and characterize statements made during the Zeta Data Summit, dated December 9, 2024, including by Defendants Steinberg and Hayes. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 117 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 117.

118. Paragraph 118 purports to quote and characterize statements made on a podcast on December 12, 2024, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 118 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 118.

119. Paragraph 119 purports to quote and characterize an analyst report issued by William Blair, dated December 19, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 119 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the market's understanding in Paragraph 119, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 119.

120. Defendants admit that Zeta filed its annual 2024 Form 10-K on February 26, 2025. Paragraph 120 also purports to quote and characterize Zeta's 2024 Form 10-K and prior Form 10-K filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 120 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 120.

121. Paragraph 121 purports to quote and characterize Zeta's 2023 Form 10-K and 2024 Form 10-K. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 121 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 121.

122. Paragraph 122 purports to quote and characterize risk disclosures in Zeta's 2023 Form 10-K and 2024 Form 10-K. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 122 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 122.

123. Defendants admit that Zeta's stock opened at a price of $20.48 per share and closed at $17.77 per share on February 26, 2025. Defendants admit that Zeta's stock price closed at a price of $16.65 per share on February 27, 2025. Paragraph 123 also contains argument, characterization, or legal conclusions regarding Zeta's 2024 Form 10-K, to which no response is required. That publicly available filing speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 123 mischaracterizes

or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 123.

124. Paragraph 124 purports to quote and characterize an article published by *The Capitol Forum*, an X post, and statements attributed to third-party commentators. That article and post speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 124 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of statements attributed to third-party commentators, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 124.

125. Paragraph 125 purports to quote and characterize an article published by *The Capitol Forum* and unidentified privacy experts. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 125 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of those third-party statements or Lead Plaintiffs' characterizations of them, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 125.

126. Paragraph 126 purports to quote and characterize an article published by *The Capitol Forum*. That article speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 126 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 126.

127. Defendants admit that Zeta issued a statement titled "Zeta Global Statement on Data Terminology Updates" on its investor relations website on March 10, 2025. Paragraph 127 also contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 127. Paragraph 127 also purports to quote and characterize a press release titled "Zeta Global Statement on Data Terminology Updates," dated March 10, 2025. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 127 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 127.

128. Defendants admit that Zeta's stock price closed at $14.03 per share on March 10, 2025. Defendants deny that the "previous day's" closing price was $15.82 per share because March 9, 2025, was a Sunday and the market was closed. However, Defendants admit that Zeta's stock price closed at $15.82 per share on March 7, 2025. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 128.

129. Paragraph 129 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants, and deny the allegations in Paragraph 129.

130. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, including any allegations regarding or relying on Lead Plaintiffs' purported "investigation," or the purported expert's credentials, investigation,

methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 130.

131. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them.

132. Defendants repeat and incorporate their responses to the referenced paragraphs as if fully set forth herein. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. To the extent a response is required, Defendants otherwise deny the allegations in Paragraph 132.

133. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and footnote 57, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 133.

134. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them.

135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and footnote 58, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 135 and footnote 58.

136. Paragraph 136 purports to quote and characterize a "report" issued by Culper Research, FTC materials, screenshots, and allegations attributed to Lead Plaintiffs' purported expert concerning unclaimedmoneyinfo.com. Those materials speak for themselves, and Defendants respectfully refer the Court to them for its complete and accurate contents. To the extent Paragraph 136 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the expert-related allegations and Lead Plaintiffs' characterizations, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 136.

137. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 137.

138. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and footnote 60, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 138 and footnote 60.

139. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 139.

140. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 140.

141. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 141.

142. Defendants deny the allegations in Paragraph 142.

143. Paragraph 143 purports to quote and characterize a "report" issued by Culper Research. To the extent Paragraph 143 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 143.

144. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 144.

145. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, including any allegations regarding or relying on the purported

expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 145.

146. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 146.

147. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 147.

148. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 148.

149. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 149.

150. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 150.

151. Paragraph 151 purports to quote and characterize a "report" issued by Culper Research. To the extent Paragraph 151 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 151.

152. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 152.

153. Defendants deny the allegations in Paragraph 153.

154. Paragraph 154 purports to quote and characterize a "report" issued by Culper Research. To the extent Paragraph 154 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 154.

155. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 155.

156. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 156.

157. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 157.

158. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 158.

159. Paragraph 159 purports to quote and characterize a "report" issued by Culper Research. To the extent Paragraph 159 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 159.

160. Paragraph 160 purports to quote and characterize a "report" issued by Culper Research and online complaints. To the extent Paragraph 160 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 160.

161. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 161.

162. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 162.

163. Paragraph 163 purports to quote and characterize statements made during the Canaccord Genuity Growth Conference on August 9, 2023, including by Defendant Greiner. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 163 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 163.

164. Paragraph 164 contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 164.

165. Defendants admit that Zeta held its "Zeta Data Summit" on December 9, 2024. Paragraph 165 also purports to quote and characterize Zeta Data Summit materials. Those referenced materials speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 165 mischaracterizes or selectively quotes those materials, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 165.

166. Paragraph 166 purports to quote and characterize statements made during the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 166 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 166.

167. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167, including any allegations regarding or relying on the purported expert's credentials, investigation, methodology, or conclusions, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 167.

168. Defendants repeat and incorporate their responses to the referenced paragraphs as if fully set forth herein. Defendants otherwise deny the allegations in Paragraph 168.

169. Paragraph 169 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 169.

170. Paragraph 170 purports to quote and characterize statements attributed to Alessandro Acquisti and an article published by *The Capitol Forum*. Those statements and article speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 170 mischaracterizes or selectively quotes the documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 170.

171. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171, including any allegations regarding anonymous, unidentified,

or confidential witnesses and any statements allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 171.

172. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them.

173. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 173.

174. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 174.

175. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 175.

176. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 176.

177. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 177.

178. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 178.

179. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 179.

180. Defendants deny the allegations in Paragraph 180.

181. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 181.

182. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182, including any allegations regarding anonymous, unidentified, or confidential witnesses and any statements those persons allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 182.

183. Defendants deny the allegations in Paragraph 183.

184. Paragraph 184 purports to quote and characterize statements made during Zeta's Q4 and FY 2023 Earnings Conference Call on February 27, 2024, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 184 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 184 and footnote 68.

185. Defendants deny the allegations in Paragraph 185.

186. Defendants admit that Zeta filed its 2023 Form 10-K with the SEC on February 28, 2024, which was signed by Defendants Steinberg and Greiner. Paragraph 186 also purports to quote and characterize the 2023 Form 10-K. That publicly available filing speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 186 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 186.

187. Defendants admit that Zeta's 2023 Form 10-K included signed certifications by Defendants Steinberg and Greiner pursuant to Section 302 of the Sarbanes-Oxley Act of 2002. Paragraph 187 also purports to quote and characterize the 2023 Form 10-K. That publicly available filing speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 187 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 187.

188. Defendants deny the allegations in Paragraph 188.

189. Defendants admit that Zeta participated in the Morgan Stanley Technology, Media & Telecom Conference on March 4, 2024. Paragraph 189 also purports to quote and characterize statements made during a Morgan Stanley Technology, Media & Telecom Conference on March 4, 2024, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 189 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 189.

190. Paragraph 190 purports to quote and characterize statements made during the Morgan Stanley Technology, Media & Telecom Conference on March 4, 2024, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 190 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 190.

191. Defendants deny the allegations in Paragraph 191.

192. Defendants admit that Zeta hosted its Q2 2024 Earnings Conference Call on July 31, 2024. Paragraph 192 also purports to quote and characterize statements made during Zeta's Q2 2024 Earnings Conference Call on July 31, 2024, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 192 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 192.

193. Defendants deny the allegations in Paragraph 193.

194. Defendants admit that Defendant Steinberg appeared on Fox Business on October 25, 2024. Paragraph 194 purports to quote and characterize statements made during an interview on October 25, 2024, including by Defendant Steinberg. That recorded segment speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 194 mischaracterizes or selectively quotes the news segment, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 194.

195. Defendants deny the allegations in Paragraph 195.

196. Defendants admit that Zeta published a press release on November 13, 2024, in response to a "report" issued by Culper Research. Paragraph 196 also purports to quote and characterize Zeta's press release titled "Zeta Global Response to Short-Seller Report," dated November 13, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 196 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 196.

197. Defendants deny the allegations in Paragraph 197.

198. Defendants admit that Defendants Steinberg and Greiner participated in a webinar titled "Zeta: Update on Company in Response to Recent Price Movements" on November 14, 2024. Paragraph 198 also purports to quote and characterize statements made during a webinar dated November 14, 2024, including by Defendant Steinberg. That webinar speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 198 mischaracterizes or selectively quotes those statements, Defendants deny the

allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 198.

199. Defendants deny the allegations in Paragraph 199.

200. Defendants admit that Zeta issued a Form 8-K on November 14, 2024. Paragraph 200 purports to quote and characterize the Form 8-K. That publicly available filing speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 200 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 200.

201. Defendants deny the allegations in Paragraph 201.

202. Defendants admit that on November 20, 2024, Zeta published response materials concerning a "report" issued by Culper Research, including a 15-page presentation entitled "Setting the Record Straight– Zeta Provides the Facts on its Robust Accounting Processes and Controls, Data Collection Policies, and Privacy Oversight." Paragraph 202 purports to quote and characterize Zeta's presentation deck titled "Setting the Record Straight– Zeta Provides the Facts on its Robust Accounting Processes and Controls, Data Collection Policies, and Privacy Oversight," dated November 20, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 202 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 202.

203. Paragraph 203 purports to quote and characterize Zeta's presentation deck titled "Setting the Record Straight– Zeta Provides the Facts on its Robust Accounting Processes and

Controls Data Collection Policies, and Privacy Oversight," dated November 20, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 203 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis.

204. Defendants deny the allegations in Paragraph 204.

205. Defendants admit that there was a virtual fireside chat with Zeta hosted by William Blair on November 20, 2024, and that Defendants Steinberg, Greiner, Gore, and Hayes were in attendance. Paragraph 205 also purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by Defendant Gore. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 205 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 205.

206. Paragraph 206 purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by Defendant Gore. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 206 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 206.

207. Defendants deny the allegations in Paragraph 207.

208. Paragraph 208 purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by Defendant Gore. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and

accurate contents. To the extent Paragraph 208 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis.

209. Defendants deny the allegations in Paragraph 209.

210. Paragraph 210 purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by Defendant Hayes. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 210 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 210.

211. Defendants deny the allegations in Paragraph 211.

212. Defendants admit that Defendant Steinberg went on-air with CNBC on November 27, 2024. Paragraph 212 also contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 212. Paragraph 212 also purports to quote and characterize statements made during a CNBC interview on November 27, 2024, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 212 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 212.

213. Defendants deny the allegations in Paragraph 213.

214. Defendants admit that Zeta held its "Zeta Data Summit" on December 9, 2024. Paragraph 214 also purports to quote and characterize statements made during the Zeta Data Summit, including by Defendant Steinberg. That transcript speaks for itself, and Defendants

respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 214 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 214.

215. Defendants deny the allegations in Paragraph 215.

216. Paragraph 216 purports to quote and characterize statements made during the Zeta Data Summit, including by Defendant Hayes. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 216 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 216.

217. Defendants deny the allegations in Paragraph 217.

218. Defendants admit that Defendant Steinberg was interviewed by Anthony Pompliano on a podcast that aired on YouTube on December 12, 2024. Paragraph 218 also contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 218. Paragraph 218 also purports to quote and characterize statements made on a podcast on December 12, 2024, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 218 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 218.

219. Defendants deny the allegations in Paragraph 219.

220. Paragraph 220 alleges argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 220.

221. Paragraph 221 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 221.

222. Defendants deny the allegations in Paragraph 222.

223. Paragraph 223 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 223. Paragraph 223 also refers to or characterizes Form 4 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 223 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 223.

224. Defendants deny the allegations in Paragraph 224.

225. Paragraph 225 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 225. Paragraph 225 also refers to or characterizes Form 4 and Form 144 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 225 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations

regarding Lead Plaintiffs' investigation in Paragraph 225, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 225.

226. Paragraph 226 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 226.

227. Paragraph 227 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 227. Paragraph 227 also refers to or characterizes Form 144 and Form 144/A filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 227 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 227 and footnotes 70, 71, and 72.

228. Paragraph 228 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 228. Paragraph 228 also refers to or characterizes Form 4 and Form 144 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 228 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 228 and footnote 73.

229. Paragraph 229 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 229. Paragraph 229 also refers to or characterizes Form 4 or Form 144 filings and 17 C.F.R. § 240.16a-8(b). Those publicly available filings and that regulation speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To

the extent Paragraph 229 mischaracterizes or selectively quotes those documents or the regulation, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 229.

230. Paragraph 230 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 230. Paragraph 230 also refers to or characterizes regulations. Those regulations speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 230 mischaracterizes or selectively quotes the regulations, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 230.

231. Paragraph 231 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 231. Paragraph 231 also refers to or characterizes Form 144 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 231 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiffs' investigation in Paragraph 231, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 231.

232. Paragraph 232 contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 232. Paragraph 232 also refers to or characterizes public filings with the SEC. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete

and accurate contents. To the extent Paragraph 232 mischaracterizes or selectively quotes the publicly available filings, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 232 and footnotes 74, 75, and 76.

233. Paragraph 233 contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 233 and footnote 77. Paragraph 233 also refers to or characterizes public filings with the SEC. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 233 mischaracterizes or selectively quotes the publicly available filings, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 233 and footnote 77.

234. Paragraph 234 contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 234. Paragraph 234 also refers to or characterizes Form 144 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 234 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 234.

235. Paragraph 235 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 235. Paragraph 235 also refers to or characterizes Form 4 or Form 144 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 235 mischaracterizes or

selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 235.

236. Paragraph 236 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 236. Paragraph 236 also refers to or characterizes Form 4 filings, the Zeta Global Holdings Corp. 2021 Incentive Award Plan, and the Employment Agreement between Zeta and Defendant Steinberg. Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 236 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 236.

237. Paragraph 237 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 237. Paragraph 237 also refers to or characterizes Form 144 and Form 144/A filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 237 mischaracterizes or selectively quotes those filings, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 237 and footnote 78.

238. Paragraph 238 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 238. Paragraph 238 also refers to or characterizes Form 144 and Form 144/A filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 238 mischaracterizes or

selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 238 and footnote 79.

239. Paragraph 239 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 239. Paragraph 239 also refers to or characterizes Form 144 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 239 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 239.

240. Paragraph 240 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 240. Paragraph 240 also refers to or characterizes Zeta's Insider Trading Compliance Policy or Zeta's Annual Report, and 17 C.F.R. § 240.10b5-1. Those documents and that regulation speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 240 mischaracterizes or selectively quotes those documents or the regulation, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 240.

241. Paragraph 241 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 241.

242. Paragraph 242 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 242. Paragraph 242 also refers to or characterizes Form 144 filings. Those documents

speak for themselves, and Defendants respectfully refer the Court to them for its complete and accurate contents. To the extent Paragraph 242 mischaracterizes or selectively quotes those filings, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 242.

243. Paragraph 243 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 243.

244. Paragraph 244 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 244. Paragraph 244 also refers to or characterizes Zeta's Insider Trading Compliance Policy. That document speaks for itself, and Defendants respectfully refer the Court to the document for its complete and accurate contents. To the extent Paragraph 244 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 244.

245. Paragraph 245 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 245. Paragraph 245 also refers to or characterizes Zeta's Insider Trading Compliance Policy. That document speaks for itself, and Defendants respectfully refer the Court to the document for its complete and accurate contents. To the extent Paragraph 245 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 245.

246. Defendants admit that Zeta issued a press release announcing its financial results for the first quarter ended March 31, 2024, on May 6, 2024. Paragraph 246 also contains

argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 246. Paragraph 246 also refers to or characterizes Zeta's Insider Trading Compliance Policy and Form 144 filings. Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 246 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 246.

247. Paragraph 247 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 247. Paragraph 247 also refers to or characterizes Form 144 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 247 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 247.

248. Paragraph 248 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 248. Paragraph 248 refers to or characterizes Form 144 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 248 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 248.

249. Paragraph 249 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in

Paragraph 249. Paragraph 249 also appears to refer to or characterize Form 144 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 249 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 249.

250. Paragraph 250 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 250. Paragraph 250 refers to or characterizes Form 144 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 250 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 250.

251. Paragraph 251 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 251. Paragraph 251 also refers to or characterizes Zeta's Insider Trading Compliance Policy. That document speaks for itself, and Defendants respectfully refer the Court to the document for its complete and accurate contents. To the extent Paragraph 251 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 251.

252. Paragraph 252 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 252.

253. Paragraph 253 refers to or characterizes 17 C.F.R. § 240.16b-3(d) and 17 C.F.R. § 240.16b-5. Those regulations speak for themselves, and Defendants respectfully refer the Court

to them for their complete and accurate contents. To the extent Paragraph 253 mischaracterizes or selectively quotes the regulations, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 253.

254. Paragraph 254 alleges argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 254.

255. Paragraph 255 alleges argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 255. Paragraph 255 also refers to or characterizes Form 4 and Form 144 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 255 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 255 and footnote 80.

256. Paragraph 256 alleges argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 256.

257. Defendants admit that Defendant Steinberg purchased 53,676 shares of Zeta Class A common stock ranging from $19.13 to $19.25 per share on November 18, 2024. Paragraph 257 also alleges argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 257. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 257.

258. Paragraph 258 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 258.

259. Paragraph 259 contains argument, characterization, or legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 259. Paragraph 259 also refers to or characterizes the Fluent Complaint against Fluent, LLC or the related settlement. Those publicly available documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 259 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Fluent Complaint in Paragraph 259, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 259.

260. Paragraph 260 contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 260. Paragraph 260 also purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by Defendant Hayes. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 260 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of footnote 84 in Paragraph 260. Defendants otherwise deny the allegations in Paragraph 260 and footnote 84.

261. Paragraph 261 contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 261.

Paragraph 261 also purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by Defendant Hayes. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 261 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 261.

262. Paragraph 262 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 262.

263. Paragraph 263 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 263.

264. Paragraph 264 contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 264. Paragraph 264 also purports to quote and characterize statements made during the William Blair Growth Stock Conference on June 7, 2023, including by Defendant Greiner. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 264 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 264.

265. Paragraph 265 purports to quote and characterize statements made during the Canaccord Genuity Growth Conference on August 9, 2023, including by Winnie Shen. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 265 mischaracterizes or selectively quotes the

document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 265.

266. Paragraph 266 purports to quote and characterize the press release titled "Zeta Global Response to Short-Seller Report," dated November 13, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 266 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 266.

267. Paragraph 267 purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by Defendant Hayes. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 267 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 267.

268. Paragraph 268 purports to quote and characterize Zeta's Privacy Policy. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 268 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 268.

269. Paragraph 269 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 269.

270. Paragraph 270 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 270.

271. Defendants admit that Defendant Steinberg is the co-founder of Zeta and served as the CEO, President, and Chairman of the Board during the purported class period, and that Defendant Greiner served as CFO during the purported class period. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding anonymous, unidentified, or confidential witnesses and any statements those persons allegedly made, and on that basis deny them. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 271.

272. Paragraph 272 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 272. Paragraph 272 also refers to or characterizes Zeta's website. That website speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 272 mischaracterizes or selectively quotes Zeta's website, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 272.

273. Paragraph 273 purports to quote and characterize statements made during a Roth Capital Partners Conference on March 15, 2022, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 273 mischaracterizes or selectively quotes the

document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 273.

274. Paragraph 274 purports to quote and characterize statements made during a Roth Capital Partners Conference on March 13, 2023, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 274 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 274.

275. Paragraph 275 purports to quote and characterize statements made during the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 275 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 275.

276. Paragraph 276 purports to quote and characterize statements made during the William Blair Growth Stock Conference on June 7, 2023, including by Defendant Greiner. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 276 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 276.

277. Paragraph 277 purports to quote and characterize statements made during an event hosted by William Blair on November 20, 2024, including by Defendant Gore. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate

contents. To the extent Paragraph 277 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 277.

278. Paragraph 278 purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by Defendants Gore and Hayes. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 278 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 278.

279. Paragraph 279 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 279.

280. Defendants repeat and incorporate their responses to the referenced paragraphs as if fully set forth herein. Paragraph 280 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 280.

281. Defendants admit that there was a virtual fireside chat with Zeta hosted by William Blair on November 20, 2024, and that Defendants Steinberg, Greiner, Gore, and Hayes were present. Paragraph 281 also purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 281 mischaracterizes or selectively quotes the

document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 281.

282. Paragraph 282 purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 282 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis.

283. Paragraph 283 purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by an analyst. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 283 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 283.

284. Paragraph 284 purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by Defendant Gore. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 284 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 284.

285. Defendants admit that Zeta held its "Zeta Data Summit" on December 9, 2024. Paragraph 285 also purports to quote and characterize statements made during the Zeta Data Summit on December 9, 2024, including by Defendant Gore. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent

Paragraph 285 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 285.

286. Paragraph 286 purports to quote and characterize statements made during the Zeta Data Summit on December 9, 2024, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 286 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis.

287. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 287.

288. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 288.

289. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289, including any allegations regarding anonymous, unidentified, or confidential witnesses and any statements those persons allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 289.

290. Defendants admit that Zeta issued a statement titled "Zeta Global Statement on Data Terminology Updates" on its investor relations website on March 10, 2025. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate

contents. To the extent Paragraph 290 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Paragraph 290 also refers to or characterizes Zeta's 2024 Form 10-K filing. That publicly available filing speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 290 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 290.

291. Paragraph 291 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 291. Paragraph 291 also purports to quote and characterize statements made during an interview, including by Defendant Greiner. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 291 mischaracterizes or selectively quotes those statements, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 291.

292. Paragraph 292 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 292. Paragraph 292 also purports to quote and characterize statements made during the Roth Capital Partners Conference on March 15, 2022, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 292 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 292.

293. Paragraph 293 contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 293.

Paragraph 293 also purports to quote and characterize statements made during the Roth Capital Partners Conference on March 13, 2023, and Zeta's Q2 2024 Earnings Conference Call on July 31, 2024. Those transcripts speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 293 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 293.

294. Defendants admit that Defendant Steinberg appeared on Fox Business on October 25, 2024. Paragraph 294 purports to quote and characterize statements made during an interview on October 25, 2024, including by Defendant Steinberg. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 294 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 294.

295. Paragraph 295 contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 295. Paragraph 295 also purports to quote and characterize statements made during the William Blair Growth Stock Conference on June 7, 2023, and the Morgan Stanley Technology, Media & Telecom Conference on March 4, 2024, including by Defendant Greiner, Defendant Steinberg, and an analyst. Those transcripts speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 295 mischaracterizes or selectively quotes those statements, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 295.

296. Paragraph 296 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 296.

297. Paragraph 297 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 297.

298. Paragraph 298 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 298.

299. Paragraph 299 purports to quote the Credit Suisse publication titled "Takeaways from Credit Suisse's 25th Annual Technology Conference," dated November 30, 2021. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 299 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants also lack knowledge or information sufficient to form a belief as to the truth of allegations regarding how the analysts regarded Zeta's opt-in data, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 299.

300. Paragraph 300 purports to quote and characterize statements made during the Morgan Stanley Technology, Media and Telecom Conference on March 8, 2022. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 300 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 300.

301. Paragraph 301 purports to quote and characterize statements made during the KeyBanc Capital Markets Emerging Technology Summit on March 8, 2023. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 301 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 301.

302. Paragraph 302 purports to quote and characterize statements made during the William Blair Growth Stock Conference on June 7, 2023. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 302 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 302.

303. Paragraph 303 purports to quote and characterize statements made during the Canaccord Genuity Growth Conference on August 9, 2023. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 303 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 303.

304. Paragraph 304 purports to quote and characterize statements made during the Morgan Stanley Technology, Media & Telecom Conference on March 4, 2024. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 304 mischaracterizes or selectively quotes those statements, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 304.

305. Paragraph 305 purports to quote and characterize statements made during the Morgan Stanley Technology, Media & Telecom Conference Fireside Chat on March 3, 2025. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 305 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 305.

306. Paragraph 306 purports to quote and characterize statements made during the conference call with William Blair on November 20, 2024, including by Defendant Gore. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 306 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 306.

307. Paragraph 307 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 307.

308. Paragraph 308 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 308.

309. Paragraph 309 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 309. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309, including any allegations regarding an anonymous,

unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 309.

310. Defendants deny the allegations in Paragraph 310.

311. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 311.

312. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312, including any allegations regarding an anonymous, unidentified, or confidential witness and any statements that person allegedly made, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 312.

313. Defendants admit that Zeta filed its annual 2023 Form 10-K with the SEC on February 28, 2024. Paragraph 313 also refers to or characterizes the 2023 Form 10-K. That publicly available filing speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 313 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 313.

314. Paragraph 314 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 314.

315. Paragraph 315 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 315.

316. Defendants repeat and incorporate their responses to the referenced paragraphs as if fully set forth herein. Paragraph 316 also alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 316.

317. Paragraph 317 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 317. Paragraph 317 also purports to quote and characterize statements from *CSX Corp. v. Children's Inv. Fund Mgmt. (UK) LLP*, 654 F.3d 276 (2d Cir. 2011). That legal opinion speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 317 mischaracterizes or selectively quotes that opinion, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 317.

318. Paragraph 318 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 318.

319. Defendants admit that Zeta filed its 2025 Proxy with the SEC on April 30, 2025. Paragraph 319 also contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 319. Paragraph 319 also purports to quote and characterize Zeta's 2025 Proxy and other unidentified sources. Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 319 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 319.

320. Paragraph 320 contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 320.

Paragraph 320 also refers to or characterizes Form 144 and Form 144/A filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 320 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 320.

321. Defendants admit that Defendant Steinberg purchased 53,676 shares of Zeta Class A Common Stock on November 18, 2024. Defendants admit that Zeta issued a press release on November 18, 2024, titled "Zeta Global Announces Intended Share Purchases by CEO and Members of Senior Leadership and Board of Directors." Paragraph 321 also contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 321. Paragraph 321 also purports to quote the press release issued on November 18, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 321 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 321.

322. Paragraph 322 contains argument or characterization, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 322. Paragraph 322 also refers to or characterizes Form 4 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 322 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 322.

323. Defendants admit that the price of Zeta's stock closed at $17.58 per share on November 15, 2024. Defendants admit that the price of Zeta's stock closed at $19.58 per share on November 18, 2024. Paragraph 323 also purports to quote and characterize a Canaccord Genuity analyst report published on November 19, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 323 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 323.

324. Paragraph 324 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 324. Paragraph 324 also refers to or characterizes Form 144 filings. Those publicly available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 324 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 324 and footnote 90.

325. Paragraph 325 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 325. Paragraph 325 also purports to quote and characterize an article by Barclays published on October 18, 2024. That document speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 325 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 325.

326. Paragraph 326 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 326. Paragraph 326 also purports to quote and characterize statements made during Zeta's Q3 2024 Earnings Conference Call on November 11, 2024, and Form 144 filings. Those publicly available filings and transcript speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 326 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 326.

327. Paragraph 327 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 327.

328. Defendants admit that Zeta repurchased approximately $31 million worth of shares in Q4 2024. Defendants deny that Zeta held its Q4 and FY 2024 Earnings Conference Call on February 2, 2025, and aver that Zeta held its Q4 and FY 2024 Earnings Conference Call on February 25, 2025. Paragraph 328 also purports to quote and characterize statements made during Zeta's Q4 2024 Earnings Conference call. That transcript speaks for itself, and Defendants respectfully refer the Court to it for its complete and accurate contents. To the extent Paragraph 328 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 328.

329. Paragraph 329 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 329. Paragraph 329 also refers to or characterizes Form 144 filings. Those publicly

available filings speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 329 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis.

330. Paragraph 330 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 330.

331. Paragraph 331 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 331.

332. Defendants repeat and incorporate their responses to the preceding paragraphs as if fully set forth herein. Paragraph 332 also contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 332.

333. Paragraph 333 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants, and deny the allegations in Paragraph 333.

334. Defendants repeat and incorporate their responses to the preceding paragraphs as if fully set forth herein. Paragraph 334 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 334.

335. Defendants admit that on November 13, 2024, the daily high for Zeta's stock price was $28.51 per share, and that the stock price at close was $17.76 per share. Paragraph 335 also

contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 335. Paragraph 335 also refers to or characterizes a "report" issued by Culper Research. To the extent Paragraph 335 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. To the extent Paragraph 335 also alleges loss causation or damages, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 335.

336. Paragraph 336 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 336.

337. Defendants admit that Zeta's stock price opened at $19.12 per share on November 14, 2024, and that the difference between the close price of Zeta stock on November 13, 2024, and the open price of Zeta stock on November 14, 2024, is 7.66%. Paragraph 337 also contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 337. Paragraph 337 also refers to or characterizes a "report" issued by Culper Research and Zeta's November 13, 2024, press release. Those documents speak for themselves, and Defendants respectfully refer the Court to the documents for their complete and accurate contents. To the extent Paragraph 337 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 337.

338. Defendants repeat and incorporate their responses to the preceding paragraphs as if fully set forth herein. Paragraph 338 also contains argument, characterization, or legal

conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 338. Paragraph 338 also refers to or characterizes analyst reports from RBC Capital Markets, Canaccord Genuity, Needham, and Morgan Stanley. Those documents speak for themselves, and Defendants respectfully refer the Court to the documents for their complete and accurate contents. To the extent Paragraph 338 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Defendants otherwise deny the allegations in Paragraph 338.

339. Defendants admit that Zeta hosted the "Zeta Data Summit" on December 9, 2024. Paragraph 339 also contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 339. Paragraph 339 also refers to or characterizes statements made during the Zeta Data Summit. That transcript and presentation materials speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 339 mischaracterizes or selectively quotes those materials, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 339.

340. Defendants admit that Zeta's stock price opened at $26.10 per share and closed at $22.97 per share on December 9, 2024. Paragraph 340 also alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 340. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 340.

341. Defendants admit that the difference between the close price of Zeta stock on December 6, 2024, and on December 9, 2024, is 12.26%. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations about the NYSE and the S&P 500, and on that basis deny them.

342. Defendants admit that Zeta filed its annual 2024 Form 10-K with the SEC on February 26, 2025. Paragraph 342 also contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 342. Paragraph 342 also refers to or characterizes Zeta's 2024 Form 10-K, 2023 Form 10-K, and statements made on a podcast. Those documents and recorded statements speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 342 mischaracterizes or selectively quotes those documents or statements, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 342.

343. Defendants admit that Zeta's stock opened at a price of $20.48 per share and closed at $17.77 per share on February 26, 2025. Defendants admit that Zeta's stock price closed at a price of $16.65 per share on February 27, 2025. Paragraph 343 also contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 343. To the extent Paragraph 343 alleges loss causation or damages, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 343.

344. Defendants admit that the difference between the close price of Zeta stock on February 25, 2025, and on February 26, 2025, is 13.74%, and that the difference between the close price of Zeta stock on February 26, 2025, and on February 27, 2025, is 6.30%. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations

about the NYSE and the S&P 500, and on that basis deny them. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 344.

345. Defendants admit that Zeta issued a statement titled "Zeta Global Statement on Data Terminology Updates" on its investor relations website on March 10, 2025. Paragraph 345 also purports to quote an article published by *The Capitol Forum* and a social media post. Those documents speak for themselves, and Defendants respectfully refer the Court to them for their complete and accurate contents. To the extent Paragraph 345 mischaracterizes or selectively quotes those documents, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 345.

346. Defendants admit that Zeta's stock price closed at $14.03 per share on March 10, 2025. Defendants deny that the "previous day's" closing price was $15.82 because March 9, 2025, was a Sunday and the market was closed. However, Defendants admit that Zeta's stock price closed at $15.82 per share on March 7, 2025. Paragraph 346 also purports to reference and characterize an article published by *The Capitol Forum*. That document speaks for itself, and Defendants respectfully refer the Court to it for a complete and accurate statement of its contents. To the extent Paragraph 346 mischaracterizes or selectively quotes the document, Defendants deny the allegations on that basis. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 346.

347. Defendants admit that the difference in the close price of Zeta stock on March 7, 2025, and on March 10, 2025, is 11.31%. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations about the NYSE and the S&P 500, and on that basis deny them.

348. Paragraph 348 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants, and deny the allegations in Paragraph 348.

349. Paragraph 349 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants, and deny the allegations in Paragraph 349.

350. Paragraph 350 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 350.

351. Paragraph 351 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 351.

352. Paragraph 352 alleges argument, characterization, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 352.

353. Defendants admit that Lead Plaintiffs purport to bring this action as a class action on behalf of the proposed class described in Paragraph 353. Paragraph 353 also alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs have satisfied the requirements for class certification, deny that the claims are properly maintainable as a class action, and deny the allegations in Paragraph 353. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 353.

354. Paragraph 354 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs have satisfied the requirements

for class certification, deny that the claims are properly maintainable as a class action, and deny the allegations in Paragraph 354.

355. Paragraph 355 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs have satisfied the requirements for class certification, deny that the claims are properly maintainable as a class action, and deny the allegations in Paragraph 355.

356. Paragraph 356 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs have satisfied the requirements for class certification, deny that the claims are properly maintainable as a class action, and deny the allegations in Paragraph 356.

357. Paragraph 357 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs have satisfied the requirements for class certification, deny that the claims are properly maintainable as a class action, and deny the allegations in Paragraph 357.

358. Paragraph 358 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs have satisfied the requirements for class certification, deny that the claims are properly maintainable as a class action, and deny the allegations in Paragraph 358.

359. Paragraph 359 alleges argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 359.

360. Paragraph 360 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 360.

361. Paragraph 361 alleges argument, characterization, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 361.

362. Paragraph 362 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 362.

363. Paragraph 363 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 363.

364. Paragraph 364 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 364.

365. Paragraph 365 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 365.

366. Paragraph 366 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants, and deny the allegations in Paragraph 366.

367. Paragraph 367 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 367.

368. Defendants repeat and incorporate their responses to the preceding paragraphs as if fully set forth herein.

369. Defendants admit that Lead Plaintiffs purport to bring this action as a class action on behalf of the proposed class described in Paragraph 369. Paragraph 369 also alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs have satisfied the requirements for class certification, deny that the claims are properly maintainable as a class action, and deny the allegations in Paragraph 369. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 369.

370. Paragraph 370 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 370.

371. Paragraph 371 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 371.

372. Paragraph 372 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 372.

373. Paragraph 373 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 373.

374. Paragraph 374 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 374.

375. Paragraph 375 contains argument, characterization, or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants, and deny the allegations in Paragraph 375.

376. Paragraph 376 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants, and deny the allegations in Paragraph 376.

377. Paragraph 377 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 377.

378. Paragraph 378 alleges legal conclusions to which no response is required.

379. Defendants repeat and incorporate their responses to the preceding paragraphs as if fully set forth herein.

380. Defendants admit that Lead Plaintiffs purport to bring this action as a class action on behalf of the proposed class described in Paragraph 380. Paragraph 380 also alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs have satisfied the requirements for class certification, deny that the claims are properly maintainable as a class action, and deny the allegations in Paragraph 380. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 380.

381. Paragraph 381 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 381.

382. Paragraph 382 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 382.

383. Paragraph 383 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 383.

384. Paragraph 384 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 384.

385. Paragraph 385 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 385.

386. Paragraph 386 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants, and deny the allegations in Paragraph 386.

387. Paragraph 387 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants, and deny the allegations in Paragraph 387.

388. Paragraph 388 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 388.

389. Defendants repeat and incorporate their responses to the preceding paragraphs as if fully set forth herein.

390. Defendants admit that Lead Plaintiffs purport to bring this action as a class action on behalf of the proposed class described in Paragraph 390. Paragraph 390 also alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs have satisfied the requirements for class certification, deny that the claims are properly maintainable as a class action, and deny the allegations in Paragraph 390. Except as expressly admitted, Defendants otherwise deny the allegations in Paragraph 390.

391. Paragraph 391 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 391.

392. Paragraph 392 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 392.

393. Paragraph 393 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 393.

394. Paragraph 394 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 394.

395. Paragraph 395 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 395.

396. Paragraph 396 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 396.

397. Paragraph 397 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 397.

398. Paragraph 398 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 398.

399. Paragraph 399 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Lead Plaintiffs or the putative class suffered any recoverable damages caused by any alleged act or omission of Defendants and deny the allegations in Paragraph 399.

400. Paragraph 400 alleges legal conclusions to which no response is required.

**ANSWER TO PRAYER FOR RELIEF**

Defendants deny that Lead Plaintiffs or the putative class is entitled to any judgment, damages, costs, fees, interest, or other relief requested in the Complaint.

**ANSWER TO JURY DEMAND**

Defendants also demand a jury trial on all issues so triable.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants assert the following defenses and affirmative defenses to the Complaint without assuming the burden of proof or any other burden if such burdens would otherwise be on Lead Plaintiffs and members of the purported class ("Plaintiffs"). Defendants expressly reserve the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation or as justice may require. To the extent that any of the defenses asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to the other.

**FIRST DEFENSE**

1. Plaintiffs fail to state a claim against Defendants for which relief can be granted.

**SECOND DEFENSE**

2. Defendants are not liable to Plaintiffs because no statement attributed to Defendants contained any false or misleading statement of material fact or omitted any material fact.

**THIRD DEFENSE**

3. Plaintiffs' claims are barred, in whole or in part, because matters that Plaintiffs claim to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain and, as such, the alleged "truth" regarding such matters was available to Plaintiffs and/or the securities markets.

**FOURTH DEFENSE**

4. Plaintiffs' claims are not actionable to the extent the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements

made by the Defendants fall within one or both of the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995 (the "Reform Act"), as codified at 15 U.S.C. § 77z-2(c), and/or the "bespeaks caution" doctrine.

**FIFTH DEFENSE**

5. Plaintiffs failed to act reasonably to mitigate their damages, if any, allegedly sustained as a result of the facts alleged in the Complaint and are therefore barred from recovering any damages which might reasonably have been avoided.

**SIXTH DEFENSE**

6. Plaintiffs' damages are subject to being offset by the amounts they have recovered from other Defendants or third parties in connection with the claims alleged in the Complaint and by the amounts they received in connection with the sale of their Zeta securities. Any recovery for damages allegedly incurred by Plaintiffs, if any, is subject to offset in an amount including, but not limited to, any tax benefits actually received by Plaintiffs throughout their investments.

**SEVENTH DEFENSE**

7. Plaintiffs' claims are barred, in whole or in part, because awarding Plaintiffs' requested damages would result in unjust enrichment to Plaintiffs.

**EIGHTH DEFENSE**

8. Plaintiffs would have acquired Zeta common stock even if, when acquired, class members had known of the allegedly untrue statements of material fact, misleading statements, or other wrongful conduct upon which Defendants' purported liability rests.

**NINTH DEFENSE**

9. Defendants are not liable to Plaintiffs because any losses, damages, or injuries allegedly sustained by Plaintiffs were not actually or legally caused by Defendants or any

misstatement or omission alleged in the Complaint. The claims alleged in the Complaint are barred, in whole or in part, because no act or omission by Defendants was the cause-in-fact or proximate cause of any loss or damage alleged by Plaintiffs.

**TENTH DEFENSE**

10. Defendants at all times acted in good faith, with reasonable care, and did not directly or indirectly induce any acts constituting the alleged violations and causes of action. *See, e.g.*, 15 U.S.C. § 78t.

**ELEVENTH DEFENSE**

11. Defendants had no knowledge of, or reasonable grounds to believe in, the existence of the facts alleged and did not act recklessly as to any alleged misstatement or omission on which the liability of the Defendants is based.

**TWELFTH DEFENSE**

12. Any damage, loss, or liability sustained by Plaintiffs must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendants under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, comparative fault, and contributory negligence.

**THIRTEENTH DEFENSE**

13. The claims alleged in the Complaint are not actionable because the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by Defendants were general statements of puffery, vague and indefinite statements of optimism, matters of opinion or soft opinion, and/or corporate optimism on which no reasonable investor would rely.

**FOURTEENTH DEFENSE**

14. Plaintiffs' claims against Defendants are barred, in whole or in part, because the purported misstatements or omissions alleged in the Complaint that are attributed to Defendants did not affect the market price of Zeta securities.

**FIFTEENTH DEFENSE**

15. Plaintiffs' claims against Defendants are barred, in whole or in part, because Plaintiffs lack standing to assert their claims against Defendants.

**SIXTEENTH DEFENSE**

16. Plaintiffs are precluded from recovering attorneys' fees or experts' fees or other costs and disbursements, or any other relief purportedly requested in the Complaint from Defendants under applicable provisions of law.

**SEVENTEENTH DEFENSE**

17. Plaintiffs may not recover damages based on valuation of Zeta securities that resulted from factors other than the alleged material devices, schemes, or artifices to defraud, misstatements or omissions, acts, practices, or courses of business, which are cited in the Complaint.

**EIGHTEENTH DEFENSE**

18. Other parties not named in the Complaint may be indispensable parties to this action.

**NINETEENTH DEFENSE**

19. This action is not properly maintainable as a class action.

**TWENTIETH DEFENSE**

20. The claims alleged in the Complaint are barred, in whole or in part, to the extent that damages sought exceed those permitted under the Exchange Act, the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

**TWENTY-FIRST DEFENSE**

21. The claims alleged in the Complaint are barred, in whole or in part, because any misrepresentations or omissions alleged in the Complaint were not material.

**TWENTY-SECOND DEFENSE**

22. The claims in the Complaint are barred, in whole or in part, because Defendants had no duty to disclose any facts allegedly not disclosed.

**TWENTY-THIRD DEFENSE**

23. Defendants are not liable because they did not breach any duty owed to Plaintiffs.

**TWENTY-FOURTH DEFENSE**

24. The claims in the Complaint are barred, in whole or in part, because the alleged misstatements and omissions attributed to Defendants in the Complaint were not made in connection with the purchase or sale of any securities by Plaintiffs.

**TWENTY-FIFTH DEFENSE**

25. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

**TWENTY-SIXTH DEFENSE**

26. Plaintiffs cannot recover from Defendants because Plaintiffs have not suffered any cognizable injury or sustained any damages and because any damages (which Defendants deny) are speculative.

**TWENTY-SEVENTH DEFENSE**

27. Plaintiffs purchased Zeta stock with actual or constructive knowledge of the risks involved in an investment in Zeta stock and thus assumed the risk that the value of the securities would decline if such risks materialized.

**TWENTY-EIGHTH DEFENSE**

28. Plaintiffs' claims against Defendants are barred, in whole or in part, by laches, equitable estoppel, waiver, ratification, or other equitable defenses.

**TWENTY-NINTH DEFENSE**

29. Defendants reserve the right to assert such additional defenses as may be appropriate at a later time.

**THIRTIETH DEFENSE**

30. Plaintiffs' claims are barred, in whole or in part, because Defendants Gore and Hayes were not "controlling persons" of Zeta within the meaning of Section 20 of the Securities Exchange Act of 1934.

WHEREFORE, Defendants pray this Court enter judgment as follows:

1. That judgment be entered in favor of Defendants;

2. That Lead Plaintiffs and the purported class take nothing from Defendants by their Complaint, and that the same be dismissed with prejudice;

3. For costs, attorneys' fees, expert witness fees, and court hearing costs incurred herein; and

4. For such other and further relief as this Court deems just and proper.

Dated: August 28, 2026

Respectfully submitted,

*/s/ Colleen C. Smith*

Colleen C. Smith (admitted *pro hac vice*)
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Email: colleen.smith@lw.com

Megan A. Behrman
Thomas J. Giblin
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: megan.behrman@lw.com
thomas.giblin@lw.com

*Attorneys for Defendants*