August 7, 2026

The Honorable Dale E. Ho
United States District Court Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re: *In re Zeta Global Holdings Corp. Sec. Litig.*, No. 24-cv-8961 (DEH)**

Dear Judge Ho:

On July 22, 2026, the Parties in the above-captioned action informed the Court of an unresolved dispute over the scheduling of Plaintiffs' motion for class certification. ECF No.112. The Parties remain unable to agree on the schedule for class certification and present their positions below.

**Plaintiffs' Position**: Plaintiffs respectfully submit that the deadline for Plaintiffs' motion for class certification should be calendared at the end of the already agreed-upon date for substantial completion of Defendants' document production. *See* ECF No. 112-1. In light of this, Plaintiffs propose the following schedule: (a) Motion to Certify due May 27, 2027; (b) Opposition due July 26, 2027; and (c) Reply due September 24, 2027.

Defendants' proposal that Plaintiffs file their motion before document production begins in earnest will, if granted, create an information imbalance and wasteful bifurcation of discovery that could harm the Class. For example, consistent with the Supreme Court's instruction that a district court may consider "*all* evidence" of price impact at the class certification stage, *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 141 S. Ct. 1951, 1960–61 (2021) (emph. in original), defendants increasingly raise evidence-dependent arguments in opposition to class certification where plaintiffs invoke the rebuttable *Basic* presumption of reliance to satisfy the predominance requirement of Rule 23. Defendants may rebut the *Basic* presumption by proving, by a preponderance of the evidence, a complete lack of price impact. *Id.* at 1958–59. If defendants lodge such a challenge, *Goldman* provides that courts "'should be open to *all* probative evidence on that question—qualitative as well as quantitative' . . . . regardless whether the evidence is also relevant to a merits question like materiality." *Id.* at 1960 (emph. in original) (citation omitted).

Accordingly, courts analyzing price impact often cite internal company documents as probative evidence. For example, in *In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, a Report and Recommendation on class certification rejected defendants' price impact argument that a statement was not "new to the market" citing "internal CBI communications" that supported a contradictory finding. 2019 WL 5287980, at *27 (S.D.N.Y. Oct. 18, 2019), *report and recommendation adopted in part*, 2020 WL 1329354 (S.D.N.Y. Mar. 23, 2020) ("communications … confirm that the article raised new concerns…."). And recently, in *In re NVIDIA Corp. Sec. Litig.*, the court likewise rejected a price impact challenge, citing "internal company emails" showing that "one of NVIDIA's own VPs expressed the view that its stock remained high because of the same types of earlier comments that Plaintiffs are pointing to," and determining that "the Court cannot conclude that there was no price impact in the face of such evidence." 825 F. Supp. 3d 1047, 1085–86 (N.D. Cal. 2026). Defendants' proposed class certification schedule would limit the scope of evidence available to Plaintiffs to the proposed Class's disadvantage. Defendants also increasingly raise evidence-dependent arguments when challenging the predominance of common issues relating to

the calculation of damages, citing *Waggoner v. Barclays PLC*, 875 F.3d 79 (2d Cir. 2017), which furthers the need to stage class certification along with substantial completion of document production.

Briefing certification after substantial completion of document production imposes no prejudice on Defendants—discovery must proceed in any event—while ensuring that the Court decides this case-dispositive motion on a fair evidentiary record rather than an asymmetrical one. For this reason, courts – including this Court in *Brainstorm* – routinely schedule class certification briefing at the end of substantial completion of document production. *See, e.g.*, *Sporn v. Brainstorm Cell Therapeutics Inc.*, No. 23-cv-9630-DEH (ECF No. 42); *In re Dentsply Sirona, Inc. Sec. Litig.*, No. 24-cv-9083-NRB (ECF No. 113) (S.D.N.Y. Apr. 23, 2026) (setting deadline for substantial completion on November 10, 2026 and class certification motion on September 25, 2026); *In re Turquoise Hill Resources Ltd. Sec. Litig.*, No. 20-cv-8585-LJL (ECF No. 283) (S.D.N.Y. Sept. 27, 2023) (setting deadline for substantial completion of document discovery and plaintiffs' motion for class certification on the same date); *City of Birmingham Ret. & Relief Sys. et al. v. Credit Suisse Group AG et al.*, No. 17-cv-10014-LGS (ECF Nos. 107, 129) (S.D.N.Y. Sept. 5, 2019, June 1, 2020) (setting the deadlines for substantial completion as Aug. 3, 2020, and class certification motion as July 30, 2020).

Defendants' position that they may dictate the timing of ***Plaintiffs' motion*** by "sequencing" class and merits discovery is, plain and simple, an unwarranted request for bifurcation of discovery that "is the exception, not the rule" in this Circuit. *See Melville v. HOP Energy, LLC*, 2023 WL 4054945, at *2 (S.D.N.Y. May 11, 2023) (citing cases); *Hines v. Overstock.com, Inc.*, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) ("[W]here discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes."). The fact that Defendants' primary support consists of a handful of decades-old cases that predate *Goldman* and *Waggoner* and do not reflect the clear scheduling trend in this Circuit underscores the weakness of their ask.

**<u>Defendants' Position</u>**: Defendants submit that the Parties should complete class certification briefing prior to the substantial completion discovery deadline, consistent with Rule 23(c)'s requirement that class certification be decided "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Defendants therefore respectfully request that the Court issue a schedule that requires Plaintiffs to file their class certification motion by October 23, 2026; Defendants to oppose that motion by December 18, 2026, and Plaintiffs to file any reply in support of their class certification motion by January 22, 2027.

The outcome of class certification will fundamentally shape the scope and nature of the remaining fact discovery in this case. If the Court denies certification, the case may cease entirely or proceed as an individual action, and a significant volume of the merits discovery that Plaintiffs would otherwise seek will become unnecessary. Critically, as the Second Circuit recognized in *In re Initial Public Offerings Securities Litigation*, "a district judge must be accorded considerable discretion to limit both discovery and the extent of the hearing on Rule 23 requirements" "[t]o avoid the risk that a Rule 23 hearing will extend into a protracted mini-trial of substantial portions of the underlying litigation[.]" 471 F.3d 24, 41 (2d Cir. 2006), *decision clarified on denial of reh'g sub nom. In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70 (2d Cir. 2007). Accordingly, judicial economy and interests of efficiency dictate that the Parties should complete class certification briefing prior to the substantial completion of document production deadline.

Indeed, the Advisory Committee Notes on the 2003 amendments to Federal Rule of Civil Procedure 23 encourage "the most effective balance that expedites an informed certification determination without forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" Fed. R. Civ. P. 23, Advisory Committee Notes (2003 Amendments). The need to decide certification as early as practicable has not changed in the years since *Goldman Sachs Group, Inc. v. Arkansas Teacher Retirement System*, 594 U.S. 113 (2021), and recent schedules continue to recognize that principle. *See, e.g.*, Case Management Plan and Scheduling Order (ECF No. 68) at 9, *Patel v. Lululemon Athletica Inc.*, No. 1:24-cv-06033 (S.D.N.Y. May 13, 2026) (class certification motion due November 5, 2026; defendants' substantial completion deadline March 19, 2027); Memo Endorsement (ECF No. 130) at 6, *Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*, No. 1:18-cv-12084 (S.D.N.Y. Sept. 27, 2021) (class certification motion due November 12, 2021; close of fact discovery December 30, 2022); *see also* Scheduling Order (ECF No. 42) at 3, 5, *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds v. Sadia S.A.*, No. 1:08-cv-9528 (S.D.N.Y. Aug. 20, 2009) (class certification motion due December 14, 2009; close of fact discovery August 20, 2011); Scheduling Order (ECF No. 33) at 3, *Teamsters Local 445 Freight Division v. Bombardier Inc., et al.*, No. 1:05-cv-1898 (S.D.N.Y. Sept. 15, 2005) (requiring that "class discovery" "begin concurrently with the filing of defendants' answers and" be completed "within three months").

Defendants' proposed sequencing ensures that discovery does not metastasize into the kind of "protracted mini-trial" that *In re IPO* warned against. 471 F.3d at 41. Merits discovery into defendants is not required to demonstrate price impact or any other element of class certification, and courts in this district recognize that. *See, e.g.*, *Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*, 798 F. Supp. 3d 416, 453–55, 462–79 (S.D.N.Y. 2025) (recognizing a "motion for class certification should not become a minitrial of the merits" and relying on public information for price impact arguments). Defendants' proposed schedule contemplates Plaintiffs filing their class certification motion on October 23, 2026, three months after the Court denied Defendants' motion to dismiss. That briefing schedule provides the Parties with sufficient time to take the discovery needed for class certification, while allowing the Parties to tailor their additional discovery efforts to the Court's certification ruling. Thus, this proposal does not seek to limit or curtail Plaintiffs' ability to conduct the discovery necessary to support their anticipated class certification motion. Defendants' proposal instead avoids wasteful and potentially burdensome discovery into issues that may never be tried on a class-wide basis. This approach is particularly warranted here because the volume of anticipated discovery is substantial. *See* ECF No. 112 at 1 (noting the "complexity of the issues" associated with this case). Until the Court determines whether this case may proceed on a class-wide basis, there is no justification for subjecting Defendants and the Court to the extraordinary burden and expenses associated with the full scope of class-wide merits discovery, including broad document requests, corporate depositions, and third-party subpoenas directed at issues that bear no relationship to whether Rule 23's requirements are satisfied. Plaintiffs' proposed schedule would do just that, and disregards Rule 23's instruction that class certification be decided "[a]n early practicable time." It is therefore unwarranted here.[1]

For these reasons, Defendants respectfully request that the Court enter Defendants' proposed schedule and require Plaintiffs to move for class certification by October 23, 2026.

---

[1] Notably, Plaintiffs' submission requests a motion deadline of May 27, 2027, nearly six weeks later than the April 16, 2027 date that they most recently proposed to Defendants.

Respectfully submitted,

*/s/ Kim E. Miller*
**KAHN SWICK & FOTI, LLC**
Kim E. Miller (KM-6996)
230 Park Ave., 3rd Floor West
New York, NY 10169
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
kim.miller@ksfcounsel.com

*Counsel for Lead Plaintiff Amir Konigsberg and Lead Counsel for the Proposed Class*

*/s/ Lauren A. Ormsbee*
**LABATON KELLER SUCHAROW LLP**
Lauren A. Ormsbee
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
lormsbee@labaton.com

*Counsel for Lead Plaintiff Allegheny County Employees' Retirement System and Lead Counsel for the Proposed Class*

*/s/ Colleen C. Smith*
**LATHAM & WATKINS LLP**
Colleen C. Smith (admitted *pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Email: colleen.smith@lw.com

Megan A. Behrman
Thomas J. Giblin
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: megan.behrman@lw.com
thomas.giblin@lw.com

*Attorneys for Defendants*

Upon due consideration of the parties' respective positions, the Court orders the following schedule for class certification briefing briefing:

- Plaintiffs to file their class certification motion by March 5, 2027;
- Defendants to oppose that motion by April 23, 2027, and
- Plaintiffs to file any reply in support of their class certification motion by May 21, 2027.

SO ORDERED.

Dated: September 29, 2026
New York, New York

Dale E. Ho
United States District Judge